31570.    WALKER *r.* MASON, administratrix, *et al.*

DECIDED MAY 29, 1947.

O. M. Fuller, Mitchell & Mitchell, for plaintiff.

Grover Middlebrooks, W. S. Northcutt, for defendants.

PARKER, J. █ The court did not err in admitting the evidence of W. S. Northcutt, the attorney who represented V. C. Mason, Elizabeth Mason and Frances Mason in handling the administration of the estate of Mrs. Fannie C. Mason, as complained of in the first special ground of the motion for new trial. Mr. Northcutt was permitted by the court to testify to the arrangement by the three parties, the father and his two daughters, for the administration of the mother's estate so as to put the legal title into the father without the payment of any money, the parties having admitted and agreed in the presence of each other, and in the presence of their said attorney, that the equitable title to the property was already in the father at the time of the mother's death; and that the plan agreed upon amounted to a family settlement in which all of the heirs at law participated, and to which they all consented and agreed. The evidence was objected to as a confidential communication between the attorney and his client, and as statements of a deceased person (Elizabeth Mason Walker) in derogation of her title. The grounds of the last objection seem to have been abandoned by counsel for the plaintiff in error as they do not argue them and apparently they rely altogether on the first objection.

It seems to us that this case is controlled by the ruling in *Stone* v. *Minter,* 111 *Ga.* 45 (36 S. E. 321, 50 L. R. A. 356), and the decisions cited therein, and the later cases of *Whiddon* v. *Hall,* 155 *Ga.* 570 (118 S. E. 347), and *Fowler* v. *Sheridan,* 157 *Ga.* 271 (121· S. E. 308). The first headnote in *Stone* v. *Minter* reads: "When a client makes to his attorney a communication or statement in the presence of the opposite party as to the transaction in hand, it is not confidential or privileged, and the attorney is a

competent witness to testify respecting the same on the trial of a case arising out of such transaction between the administrator of the client and the other party." Although one of the Justices was absent and did not concur in the ruling quoted, it has been followed in at least two subsequent decisions by full benches of the Supreme Court. In *Whiddon* v. *Hall,* supra, it was held that: "1. Where a person acts as agent or attorney for both parties in a transaction, he is a competent witness, under the Civil Code (1910), § 5858, par. 5, to testify touching such transaction in favor of the surviving party against the other party, or the agent of the latter, who was represented in such transaction by such agent, although both of the latter were dead when such agent or attorney testified. 2. Under said section, the agent or attorney is incompetent to testify against the deceased or insane party in favor of the surviving or sane party, as to transactions or communications had with the latter, only when such agent or attorney represented the surviving or sane party alone." In *Fowler* v. *Sheridan,* supra, it was said: "Communications made by a client to an attorney for the purpose of being imparted by him to others do not fall within the inhibitions of the law that render an attorney as a witness incompetent to testify to statements or disclosures made to him by his client." The case of *Whiddon* v. *Hall,* supra, is quoted and apparently approved in *Christopher* v. *Mooty,* 158 *Ga.* 315(4) (123 S. E. 19).

Counsel for the plaintiff in error take the position that this case is controlled by the ruling in *Taylor* v. *Taylor,* 179 *Ga.* 691 (177 S. E. 582). We are not sure that case conflicts with the authorities cited and quoted above. It does not appear from the recital of facts therein that the witness (Miss Curry), whose testimony was objected to, testified to statements or communications between an attorney and his client, and, if so, whether or not the opposite party to the transaction involved was present at the time. The decision simply recites that the witness was introduced "and testified in effect that this conveyance [a bill of sale] was a sham, and that its sole object had been to put apparent title in the grantee in order to hide out the property from an expected claim for alimony." Since the facts in the *Taylor* case are not sufficiently clear to show that they are substantially on all fours with the facts in the case at bar, we can not hold that the decision there-

in is controlling in this case. Furthermore, if there is a conflict between the holding in the *Taylor* case and the rulings cited above, which we think sustain the conclusion we have reached as to the admissibility of the evidence of the attorney in this case, the older cases would prevail. As already stated, although *Stone* v. *Minter,* supra, was not decided by a full bench, it was reaffirmed and its ruling followed in later unanimous decisions of the Supreme Court which are older than *Taylor* v. *Taylor,* supra. It may be pointed out also that the *Taylor* case did not undertake to overrule *Stone* v. *Minter,* but did distinguish the two cases on their facts, and there must have been a substantial difference in the facts.

■ Whether or not the court erred in admitting the testimony of Frances Mason, as complained of in the second special ground of the motion, becomes immaterial under admissions of counsel for the plaintiff in error. They concede in their briefs that "If that testimony (referring to the testimony of ·Mr. Northcutt) be admitted, there would be sufficient evidence on which to base a directed verdict. If it be excluded there would not be sufficient evidence on which such directed verdict could be based." This admission removes the necessity of considering the objections to the testimony of Frances Mason and also the general grounds of the motion for new trial.

The court did not err in admitting the testimony of Mr. Northcutt and in directing the verdict for the respondents, and there was no error in overruling the motion for new trial.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*