28925. GEARHART v. ETHERIDGE et al.

JORDAN, Justice.

The parties hereto entered into a joint business venture in which many complicated monetary

transactions took place over an extended period of time. The venture was not successful and upon the death of Etheridge his executors filed an action in Fulton Superior Court seeking an accounting and a recovery of certain monies claimed to be due. After an extensive hearing the trial judge, sitting as the trior of facts, rendered judgment in favor of the plaintiff. Gearhart appealed to the Court of Appeals which affirmed the trial court. For a complete statement of the facts and issues involved in that appeal, see *Gearhart v. Etheridge,* 131 Ga. App. 285 (205 SE2d 456). We granted certiorari for the sole purpose of clarifying certain language in the opinion of the Court of Appeals dealing with the privilege that exists between a certified public accountant and his client as provided for in Code Ann. § 84-216. *Held:*

Code Ann. § 84-216 provides that "Any communications to any practicing certified public accountant . . . shall be treated as confidential and not disclosed nor divulged by said accountant in any proceedings of any nature whatsoever. *This rule shall not exclude the accountant as a witness to any facts which may transpire in connection with his employment."* (Emphasis supplied.)

Among Gearhart's enumerations of error was that "the trial court erred in allowing the witness, Thomas J. Smith, a certified public accountant for the defendant, to testify about communications between the witness and the defendant, and in overruling the defendant's objection to such testimony." In affirming the trial court's ruling allowing the certified public accountant to testify the Court of Appeals stated that "The language of Code Ann. § 84-216 refers to communications 'in anticipation of or pending employment, not his work thereafter.' "

We conclude that this is an erroneous interpretation of this statute for it lends itself to the conclusion that the accountant-client privilege is operative only prior to actual employment and evaporates when the questioning extends to the accountant's "work thereafter." Such interpretation would effectively thwart the privilege. The purpose of the accountant-client privilege is to insure an atmosphere wherein the client will transmit all relevant

information to his accountant without fear of any future disclosure in subsequent litigation. Without an atmosphere of confidentiality the client might withhold facts he considers unfavorable to this situation thus rendering the accountant powerless to adequately perform the services he renders.

We conclude, in interpreting the statute, that the emphasized portion of Code Ann. § 84-216 merely provides for the cases where the accountant and his client become embroiled in a controversy between themselves as in an action for compensation or damages. In this situation it becomes necessary for the accountant to testify in order to preserve his right to compensation and/or a clear and unclouded reputation.

However, under the facts of this case it was not error for the trial judge to hold that the privilege did not exist between the accountant and Gearhart. The accountant was supervising a joint account and every entry into the books of account affected both Gearhart and Etheridge. There was no intent to keep the transactions of one secret from the other. In cases where an accountant is jointly employed a doctrine of limited confidentiality has been applied. All communications between the joint clients and the accountant are privileged as to all outside parties, but the privilege does not exist between the principals involved. See Garner v. Wolfinbarger, 430 F2d 1093, 1103 and cits. Although we can find no Georgia cases delineating this principle as it affects the accountant-client privilege the principle has been applied with regard to the privilege that exists between an attorney and his client. See *Walker v. Mason,* 75 Ga. App. 229 (43 SE2d 116); *Stone v. Minter,* 111 Ga. 45 (36 SE 321, 50 LRA 356); *Whiddon v. Hall,* 155 Ga. 570 (118 SE 347); *Fowler v. Sheridan,* 157 Ga. 271 (121 SE 308). Professor Thomas Green treated the question in his treatise on the Georgia Law of Evidence as follows: "If two or more persons jointly consult an attorney for the purpose of having him prepare a deed or contract for them, the communications which either makes to the attorney are not privileged in the event of any subsequent litigation between the parties. In such situations it is considered that the attorney does not have an attorney-client

relationship with either of the joint parties." Green, Georgia Law of Evidence, § 185 (1957). See also McCormick, Handbook of the Law of Evidence, § 91 and 8 Wigmore on Evidence, § 2312.

Due to the similarity of our statutory privileges for the clients of attorneys and accountants (for the statute involving the attorney-client privilege see Code § 38-419) we feel the analogy drawn between the two is sound and we hereby approve same.

*Judgment affirmed. All the Justices concur.*

Argued June 11, 1974 — Decided September 3, 1974.

*Claude E. Hambrick,* for appellant.
*Sutherland, Asbill & Brennan, James P. Groton, Charles T. Lester, Jr.,* for appellees.