**NASHVILLE CITY BANK AND TRUST COMPANY, Plaintiff,**

v.

**RELIABLE TRACTOR, INC., Defendant.**

**NASHVILLE CITY BANK AND TRUST COMPANY, Plaintiff,**

v.

**ALBANY TRACTOR COMPANY, Defendant.**

**NASHVILLE CITY BANK AND TRUST COMPANY, Plaintiff,**

v.

**FLINT EQUIPMENT CO., Defendant.**

Civ. A. Nos. 80–26–VAL, 80–18–ALB and 80–20–ALB.

United States District Court, M. D. Georgia, Valdosta Division.

July 30, 1981.

J. Randolph Pelzer, North Charleston, S. C., Robert D. McCallum, Jr., Atlanta, Ga., for plaintiff.

Bob Reinhardt, Tifton, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

Plaintiff Nashville City Bank moves the court to enter an order compelling the production of financial documents in the possession of the accounting firm of Coopers and Lybrand and prepared by that firm in the course of rendering accounting services to Oak Winds partnership. Defendants at all times relevant to these consolidated actions were limited partners of Oak Winds, and plaintiff is the holder of notes executed by defendants to Oak Winds and assigned to plaintiff by Rudolph Thigpen, a general partner of Oak Winds. Defendants have withheld production of the financial documents prepared by Coopers and Lybrand on the grounds that those documents are protected from discovery by plaintiff on the basis of the accountant-client privilege.

Rule 501, Federal Rules of Evidence, requires that state law regarding the accountant-client privilege be applied in this discovery dispute. An initial question here is whether the court should look to Georgia law or Florida law to decide this privilege question. On the one hand, Oak Winds is a Florida partnership and the notes on which plaintiff seek to recover were executed in Florida; on the other hand, Coopers and Lybrand is a Georgia accounting firm, the deposition of Coopers and Lybrand's representative was taken in Atlanta, and Georgia is the forum state. For purposes of this care, however, it is unnecessary to decide whether Georgia or Florida law applies as both states have enacted very similar statutes creating an accountant-client privilege.

Ga.Code Ann. § 84–220(b) and Fla.Stat. § 90.5055 create a privilege for all confidential communications between an accountant and a client made for or in the rendition of accounting services and all other confidential information concerning the business affairs of clients and obtained by the accountant for the purposes of preparing financial reports or giving accounting advice. The financial documents which are the object of plaintiff's motion to compel have been produced for the court's *in camera* inspection, and contain an examination of financial statements for 1974, working papers for 1975 and 1976 tax returns of the partnership, real estate projections, preliminary projections of cash flow, tax benefits, return of investment, etc., and various miscellaneous financial documents. All of these materials appear to have been prepared from confidential information furnished by Oak Winds to Coopers and Lybrand and appear to be the type of financial information and accounting reports covered by the accountant-client privilege in the absence of an exception to the privilege or some other reason for requiring disclosure.

■ In the court's best judgment, none of these materials are protected from discovery under the facts of this case by the accountant-client privilege. Several reasons support this determination. Florida by statute (Fla.Stat. § 90.5055(4)(c)) and Georgia by case law (*Gearhart v. Etheridge*, 232 Ga. 638, 208 S.E.2d 460 (1974)) have created an exception to the accountant-client privilege for actions in which members of a partnership are adverse parties.[1] In such cases, communications made by each partner to the accountant concerning partnership matters and financial reports, etc., prepared by the accountant for the partnership are not privileged. In the court's opinion this exception applies to this case. Although Mr. Thigpen, the general partner of Oak Winds who assigned the notes to plaintiff Nashville City Bank, is not a named party in this action, he is an adverse party to defendants. Plaintiff, as assignee of the notes, stands in the shoes of Thigpen for purposes of collecting on the notes. Defendants' asserted defenses in this action to plaintiff's recovery on the notes are based substantially on claims against Thigpen, to wit: (1) plaintiff is a mere holder of the note and is subject to all defenses defendants have against Thigpen; (2) the obligation to Thigpen on the instruments has been discharged because of Thigpen's breach of warranties with respect to the existence of a construction contract and permanent loan; and, (3) invalidity of assignment because of lack of authority of Thigpen to hypothecate the notes for personal purposes. Further, Thigpen is adverse to defendants by reason of the fact that it would be to his advantage that plaintiff recover on the notes in this action, since plaintiff has recourse on the notes against Thigpen. Thus, Thigpen is in all respects an adverse party to defendant partners of Oak Winds and therefore the exception to the accountant-client privilege for actions between members of a partnership is applicable. Accordingly, the financial documents which

1. In *Gearhart* the Georgia Supreme Court reasoned:

    "However, under the facts of this case it was not error for the trial judge to hold that the privilege did not exist between the accountant and Gearhart. The accountant was supervising a joint account and every entry into the books of account affected both Gearhart and Etheridge. There was no intent to keep the transactions of one secret from the other. In cases where an accountant is jointly employed a doctrine of limited confidentiality has been applied. All communications between the joint clients and the accountant are privileged as to all outside parties, but the privilege does not exist between the principals involved. See *Garner v. Wolfinbarger*, 430 F.2d 1093, 1103 [5th Cir.] and cits. Although we can find no Georgia cases delineating this principle as it affects the accountant-client privilege the principle has been applied with regard to the privilege that exists between an attorney and his client. (citations omitted).

    \* \* \* \* \* \*

    "Due to the similarity of our statutory privileges for the clients of attorneys and accountants (for the statute involving the attorney-client privilege see Code § 38–419) we feel the analogy drawn between the two is sound and we hereby approve same."

    The commentary to Fla.Stat. § 90.5055(4)(c) contains a similar explanation of this exception to the privilege.

are the subject of plaintiff's motion to compel are discoverable.

■ An additional reason why the accountant-client privilege should not apply in this case is that these financial reports concerning the Oak Winds partnership are relevant and even necessary to proof of defendants' claims that there was a failure of consideration in return for their notes and that their obligations on the notes were discharged by Thigpen's breach of a warranty that in return for defendants' execution of these notes to Oak Winds, Thigpen would furnish $421,590.59 to the partnership in connection with construction of the Oak Winds partnership, of which amount defendants allege he contributed only $91,-707.00 (Answer, Fifth Defense, ¶ f). The amounts of capital contributed to the partnership by Thigpen and the other partners are disclosed in the financial reports prepared by Coopers and Lybrand. In *Savino v. Luciano*, 92 So.2d 817 (Fla.1957), the court held that a defendant who would rely upon a public accountant's audit and report in proof of his defense, expressly or impliedly waived the right to insist in pre-trial discovery proceedings that the audit and report was privileged and therefore not available to plaintiff. That case is persuasive here. The Coopers and Lybrand prepared financial reports of Oak Winds partnership being necessary to prove one or more of the defenses asserted by defendants, those records are not protected from discovery under the accountant-client privilege.

For these reasons, the court holds that the financial documents which are the subject of this order are not protected from discovery by an accountant-client privilege. Accordingly, plaintiff's motion to compel is hereby GRANTED, and defendants are ordered to allow Coopers and Lybrand to produce these documents for inspection and copying by plaintiff at a time and place to be arranged by the parties. The Clerk of Court is directed to notify Coopers and Lybrand that these documents will be returned to them at the Clerk's office in Macon.