### 76173. ROBERTS et al. v. CHAPLE et al.
(369 SE2d 482)

BANKE, Presiding Judge.

The appellants seek to recover damages from the appellees for their alleged disclosure of certain information protected by the accountant-client privilege. This appeal is from an order granting summary judgment to the appellees.

From 1980 through 1985, the appellees' public accounting firm provided accounting services for appellant Roberts and several corporations in which Roberts was an officer and shareholder. In the present action, Roberts and the corporate entities assert that, during this period, they provided the appellees with certain confidential information with the expectation that the information would not be disclosed to third parties but would remain strictly confidential, yet the appellees voluntarily released some of this information to an agent of the Internal Revenue Service in violation of the accountant-client privilege set forth at OCGA § 43-3-32. In the first count of their petition, the appellants sought to enjoin the appellees from any further disclosure of such financial information and requested that all such information in the appellees' possession be returned to them. In the remaining counts, the appellants sought monetary damages, costs of litigation and attorney fees. The prayer for injunctive relief was resolved by the entry of a consent order, in which the appellees admitted that they had released certain specified documents to a special agent of the I.R.S. without the issuance of a summons or subpoena and agreed not to make any further such disclosures.

Apparently contemporaneously with the superior court action, the appellants filed a "Motion for Return of Property" against the United States in federal court, seeking the return of the documents given to the I.R.S. by the appellees. The federal court dismissed that action, concluding, in a written opinion, that "Georgia's accountant-client privilege is inapplicable in federal proceedings not involving state law claims." Subsequently, the parties filed cross-motions for summary judgment in the present action on the issues of whether the accountant-client privilege had been violated and, if so, whether and to what extent the appellants had been damaged by the disclosures. In its order granting summary judgment to the appellees, the trial court concluded "that no confidential accountant-client privilege exists under federal law and that federal law preempts the Georgia statutory accountant-client privilege as found in OCGA § 43-3-32." *Held*:

The uncontroverted evidence of record established the following

facts: That the appellees are accountants who are bound by the obligations imposed by OCGA § 43-3-32; that the appellants retained the appellees to perform accounting services for them and in this connection provided them with certain confidential financial information; that the appellants at no time authorized the disclosure of any of this information to third persons;[1] that they never themselves disclosed any of this information to third persons; and that the appellees, acting without notice to them, without their consent, and without service of any subpoena or other legal process compelling such disclosure, voluntarily disclosed some of this information to a special agent of the I.R.S. The appellees do not dispute these facts but argue that the appellants' motion for partial summary judgment was properly denied on the basis of the federal preemption theory.

We disagree. It does not automatically follow from the fact that the information was disclosed to a federal agent during the course of a federal tax investigation that the appellees are insulated from liability under state law. Rather, the issue as we view it is whether the alleged duty imposed under state law was inconsistent with a duty owed by the appellees under federal law.

"The purpose of the accountant-client privilege is to insure an atmosphere wherein the client will transmit all relevant information to his accountant without fear of any future disclosure in subsequent litigation. Without an atmosphere of confidentiality, the client might withhold facts he considers unfavorable to this situation thus rendering the accountant powerless to adequately perform the services he renders." *Gearhart v. Etheridge*, 232 Ga. 638, 639 (208 SE2d 460) (1974). The statute itself enumerates certain circumstances in which the privilege is inapplicable. However, none of those exceptions is applicable to the situation presently before this court, nor are we presented with a situation in which the alleged harmful disclosures were made pursuant to administrative or judicial process. Rather, it is undisputed that the appellees voluntarily disclosed the information in question without waiting for an administrative summons or subpoena directing them to do so. We know of no reason, and none has been offered to us, why the appellees would have been under any federal legal compulsion to turn over the information in the absence of such process. Although the actual damages suffered by the appellants may have been minimal in view of the broad subpoena powers enjoyed by the I.R.S., we are accordingly constrained to hold that the trial court erred in granting summary judgment to the appellees and in denying

---

[1] While the appellees assert that Roberts executed Form 2848, "Department of Treasury, Internal Revenue Service Power of Attorney & Declaration of Representative," authorizing the appellees to make the disclosures, this purported document was not made part of the record on appeal and therefore cannot be considered by this court.

the appellants' motion for partial summary judgment on the issue of liability.

*Judgment reversed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED APRIL 12, 1988 —
REHEARING DENIED MAY 12, 1988.

*Robert J. Hipple, Thomas A. Soderberg,* for appellants.
*D. Kevin Wheeler, Philip A. Johnson,* for appellees.