**FEDERAL INSURANCE COMPANY,**
**Plaintiff/Appellee,**

v.

**ARTHUR ANDERSON & CO.,**
**Defendant/Appellant.**

Supreme Court of Tennessee,
at Nashville.

Sept. 9, 1991.

James F. Neal, James G. Thomas, Neal & Harwell, Nashville, for defendant/appellant.

James M. Doran, Jr., Sam H. Poteet, Jr., Manier, Herod, Hollabaugh & Smith, Nashville, for plaintiff/appellee.

Joel M. Leeman, Tennessee Soc. of Certified Public Accountants, Gullett, Sanford, Robinson & Martin, Nashville, Amicus Curiae.

OPINION

O'BRIEN, Justice.

We granted the appeal in this case to address important questions concerning the scope of the privilege granted under the provisions of T.C.A. § 62–1–116 relative to information communicated or obtained by an accountant by reason of the confidential nature of their employment.

The plaintiff, Federal Insurance Company, is engaged in the business of providing construction performance and payment bonds, and is licensed to do business in the State of Tennessee. Defendant, Arthur Anderson & Co., is a partnership of certified public accountants with an office in Nashville, Tennessee. Rodgers Companies, Inc., is a construction company with its offices and headquarters in Nashville, Tennessee.

In summary, the complaint in the case alleges that Anderson examined and audited the consolidated financial statements of Rodgers for the years 1982 through 1984. It is alleged that Anderson's audits were negligently performed; the financial statements were misleading; and that Federal relied on the financial statements to its detriment in connection with its decision to write bonds for Rodgers Construction Companies, and its subsequent bonding of Rodgers Construction Projects. As a result it sustained damages of over $50,000,-000. The cause of action is stated to be in terms of negligence, negligent misrepresentation, and breach of a third-party beneficiary contract.

Anderson denied that the audits were negligently performed and denied liability to Federal in any event, particularly in the absence of any contractual relationship between plaintiff and defendant.

Federal served Anderson with a set of ten (10) document production requests pursuant to Tenn.R.Civ.P. 34. In connection with its request for production of documents, plaintiff provided defendant a sworn and notarized waiver executed by the President of Rodgers Companies, Inc.,

waiving any and all privileges, without limitation, for the parent company as well as all related subsidiaries and entities. The document expressly disclaimed any rights of confidentiality of whatever nature which might be deemed to exist with respect to the services of defendant. The document expressly authorized defendant to release to plaintiff and/or its counsel any and all information and documents it might have. In response to each request, Anderson objected on the ground that the documents called for were subject to the statutory accountant privilege, T.C.A. § 62–1–116. A motion was filed by plaintiff to compel production of the documents.

Following a hearing, the trial court entered a memorandum and order which stated in pertinent part that, by its language, T.C.A. § 62–1–116 prohibits accountants from divulging information received by reason of the confidential nature of their employment. It cannot be read as giving an accountant the right to decide whether or not to disclose this information. Since the information involved originated with the client with the expectation of confidentiality, it is only on behalf of the client that the privilege can validly exist. The defendant's client in this case has waived its rights to confidentiality of its records, and the privilege no longer exists. Defendant may not withhold requested reports and records. Plaintiff's motion to compel production of the documents is granted.

Anderson sought interlocutory review of the trial court's order pursuant to T.R.A.P. 9. The trial court permitted the appeal, which was granted by the Court of Appeals. That court considered the matter, reviewed the statute and the authorities, and affirmed the action of the trial judge. That court reasoned that the plain words of the statute compelled the conclusion that to come within its terms information must have been communicated to the accountant in a confidential setting arising from the employment. Therefore, the privilege existed to protect the confidence of the one communicating the information. Thus, it could only follow that the privilege belonged to the client. The court rationalized that the position taken by the appellant,

that the privilege belongs solely to the accountant, would lead to the unusual result of allowing an accountant to invoke the privilege in a dispute with the client and the statute could not be read to accomplish that result.

The appeals court also considered an *amicus curiae* brief filed by the Tennessee Society of Certified Public Accounts which argued that an accountant receives information from a wide range of sources and that such sources would be unwilling to provide information if they believed that accountants might be compelled to disclose from whence the information came. Saying that although the record does not support the assertion, the court could not find any expression in the statute or otherwise referring to that situation.

■ Having granted the appeal and given due consideration to the argument made by appellant, we now affirm the judgment of the trial court and the Court of Appeals. The specific issue presented is "whether the privilege created by T.C.A. § 62–1–116, providing that certified public accountants shall not in any manner be required to divulge any information which may have been communicated to them or obtained by them by reason of the confidential nature of their employment, can nonetheless be waived by the accountant's client."

The arguments made by the defendant are persuasive, but not conclusive of the issue. It is first insisted the natural and ordinary meaning of the statute demands the conclusion that the accountant, not the client, is the holder of the privilege created by its terms. The full text of the statute reads as follows:

**62–1–116. Confidential information.—**
(a) Certified public accountants and public accountants practicing in this state shall not divulge nor shall they in any manner be required to divulge any information which may have been communicated to them or obtained by them by reason of the confidential nature of their employment.

(b) Information derived as a result of such professional employment is deemed

to be confidential, except that nothing in any section of this chapter shall be construed as modifying, changing or affecting the criminal or bankruptcy laws of this state or of the United States.

Defendant insists that the plain and unambiguous language of the statute allows for no application that the privilege belongs to anyone but the accountant. The Court of Appeals opinion is belittled for its brevity in its analysis of the text of the statute. However, we find its analysis to be more direct than defendant's discussion of its terms. Since the privilege is of statutory origin and we have not been provided with any viable precedent to guide us we must look to its genesis to establish the intent of the legislature in its enactment.

■ The oldest known existing privilege pertaining to communications between a professional and one who stands in a confidential relationship such as a client or patient, etc., relates to communications between client and lawyer. McCormick, in his treatise on evidence, refers to it as the "Client's Privilege" and traces its origin back to Roman law.[1] Though presently protected by statute, T.C.A. §§ 23–3–105 to –107, the rule is rooted in the common law of this State. In the evolution of commerce, business, the professions and the role of the clergy in modern society, involving confidential communications there has been a continuing trend by the legislature to extend the privilege to include various other entities. No less than 16 of these *privilege from testimony statutes* have been enacted by the legislature in this State in addition to numbers more in existence to make various documents confidential.[2] Broadly speaking, privileged communications are not recognized as between a client and his accountant. In the absence of statutes, there is no privilege with respect to communications made to an accountant by an employer for the purpose of making a financial statement or doing other work characteristically performed by accountants. A statute which prohibits a certified public accountant from being examined, without the consent of his client, as to any communication or information acquired in the course of the professional employment does not apply as to information acquired by a public accountant when not so employed. C.J.S., Vol. 97, Witnesses, § 255, p. 742.

We are of the opinion that the relationship between an accountant and his employer is analogous to the relationship between an attorney and his client. It is highly fiduciary in its nature and of a very delicate, exacting, and confidential character, requiring a high degree of fidelity and good faith. It is purely a personal relation, involving the highest personal trust and confidence. See 7 Am.Jur.2d, Attorneys-at-Law, § 119, p. 188.

Defendant earnestly argues that T.C.A. § 62–1–116 has been part of Tennessee law in the same substantive form for over 50 years, despite several reenactments. Therefore, the legislature having reconsidered the breadth of its language without change, the suggestion is refuted that the accountant privilege is analogous to the attorney-client privilege. A comparison is invited with other statutes creating similar privileges in this State which does not present evidence favorable to defendant's argument. Each of the statutes governing confidential communication to others is clearly designed to protect the interest of the communicant rather than the recipient of the information.

In support of its argument defendant has cited a number of federal decisions which refer to an Illinois statute on the issue. We, of course, are not bound by those decisions. The Illinois accountant privilege statute reads in its entirety.

> A public accountant shall not be required by any court to divulge information or evidence which has been obtained by him in his confidential capacity as a public accountant.

Both parties in this cause cite *Ernst & Ernst v. Underwriters National Assurance Co., et al,* 178 Ind.App. 77, 381

---

**1.** McCormick, Law of Evidence, 1st Ed., Ch. 10, The Clients Privilege, Sec. 91, p. 181.

**2.** *See* Advisory Commission Comments to Tennessee Rule of Evidence 501.

N.E.2d 897 (1978). In that case the Indiana Court of Appeals, in a wide ranging and comprehensive opinion, discussed the majority of the cases relied on by the defendant here and analyzed them in reference to their applicability to the Indiana statute. The court found that in none of the cases was an accountant permitted to withhold information concerning the client when the client had requested disclosure. Defendant endeavors to gloss over the *Ernst* decision by reference to the differences in the language of the Tennessee and Indiana statutes. That portion of the Indiana statute with which we are concerned, reads as follows:

> A certified public accountant or a public accountant or an accounting practitioner, or any employee, shall not be required to disclose or divulge information of which he may have become possessed, relative to and in connection with any professional service as a certified public accountant or a public accountant or accounting practitioner.

The Indiana court affirmed a trial court judgment holding that the statute created a privilege personal to the client and the privilege had been waived by the client.

Defendant's argument to the contrary notwithstanding, we are of the opinion that the factual basis in the Indiana case as well as the terms of the statute are sufficiently similar to those in the case before us to justify our decision to affirm the judgments of the lower courts. As stated by the Indiana court, the statute clearly creates a privilege personal to the client. This conclusion is supported both by the fundamental purpose for which the accountant-client privilege was created and established rules of statutory construction. It is also consistent with decisions from other jurisdictions which have construed accountant-client privilege statutes. In *Ernst*, supra, 381 N.E.2d at p. 902, the court cited, what we consider to be an excellent summation of the issue, from a decision by the Supreme Court of Georgia in *Gearhart v. Etheridge*, 232 Ga. 638, 208 S.E.2d 460, 461 (1974):

The purpose of the accountant-client privilege is to insure an atmosphere wherein the client will transmit all relevant information to his accountant without fear of any future disclosure in subsequent litigation. Without an atmosphere of confidentiality the client might withhold facts he considers unfavorable to this situation thus rendering the accountant powerless to adequately perform the services he renders. Thus, for the accountant-client privilege created by [the statute] to be consistent with its purpose, it must be personal to the client. The fundamental purpose of the privilege provides no basis for a contention that the privilege was designed to permit accountants to unilaterally suppress evidence to the detriment of their client. Indeed, it is unreasonable to suggest that the General Assembly intended to give accountants special privileges over the clients they are paid to serve.

The Tennessee Society of Certified Public Accountants has favored us with an Amicus Curiae brief in support of this appeal. The principal thrust of the amici brief is based on the premise that an accountant must rely upon a wide variety of sources of information in order to perform his professional obligations and satisfy his duties to those who rely upon his work. The Indiana court considered and dealt with this argument in *Ernst & Ernst*, supra. The court concluded that any third party communication an accountant receives in the course of an audit emanates from and is directly concerned with the financial condition of the client and generally is just a validation or confirmation of the client's account. Their view of the matter was that the person or entity concerned with nondisclosure is the client, and as such the accountant-client privilege must belong to the client. We are in accord with that perspective.

We note that among the numerous items which are the objective of the motion to compel production of documents in the trial court, are work papers of the defendant. Since our investigation is limited to the singular issue of the right to the testimonial privilege raised by the provisions of T.C.A. § 62–1–116, we have refrained from

any discussion of the specific items which are the subject of plaintiff's trial court motion. The privilege against disclosure of communications is governed by Rule 501 of the Tennessee Rules of Evidence. The rule regarding discovery of other matters is generally covered by the Rules of Civil Procedure. The decision is within the province of the trial judge.

Accordingly, we affirm the judgment of the trial court. The case is remanded to that court for the conduct of further proceedings required. The costs of this appeal are assessed against the defendant, Arthur Anderson and Company.

REID, C.J., and DROWOTA, DAUGHTREY and ANDERSON, JJ., concur.