F M C CORPORATION, Plaintiff-Appellee, v. LIBERTY MUTUAL INSUR-
ANCE COMPANY *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 1—91—2168

Opinion filed September 30, 1992.

Peterson & Ross, of Chicago (Stephen M. Hoke, of counsel), for appel-
lant Rayment and Companies.

Buchalter, Nemer, Fields & Younger, of Los Angeles, California (Victoria Pynchon, of counsel), for appellant AIU Insurance Company.

Kirkland & Ellis, of Chicago (Douglas J. Kurtenbach and Bowen H. Tucker, of counsel), for appellee F M C Corporation.

Sidley & Austin, of Chicago (Michael J. Sweeney and Erica M. Landsberg, of counsel), for appellee KPMG Peat Marwick.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

This is an appeal from the circuit court's order to quash a subpoena *duces tecum* served upon KPMG Peat Marwick on the grounds that the accountants' workpapers which were subpoenaed are protected from disclosure under the accountant privilege established in section 27 of the Illinois Public Accounting Act (Ill. Rev. Stat. 1987, ch. 111, par. 5533).

The sole issue on appeal is whether the statutory accountant privilege protects the subpoenaed documents from disclosure.

These proceedings are ancillary to a declaratory judgment action filed in California by plaintiff, F M C Corporation (FMC), against numerous insurance companies including defendants, Rayment and Companies and AIU Insurance Company (insurers). In the California action, FMC is seeking a declaration that would require defense and indemnity coverage under certain insurance policies for FMC's claimed environmental liabilities at over 75 sites across the country.

KPMG Peat Marwick (Peat Marwick) is a firm of certified public accountants and is not a party to the California action. FMC is headquartered in Illinois and has retained Peat Marwick or its predecessor to audit FMC's financial statements since 1928.

The subpoena served upon Peat Marwick sought, in general, to obtain documents relating to FMC's contingent environmental liabilities.

■ On motion of Peat Marwick and FMC, the circuit court quashed the subpoena and expressly found that the matter sought was privileged under section 27 of the Illinois Public Accounting Act, which provides:

"5533. Accountant as witness

§27. A public accountant shall not be required by any court to divulge information or evidence which has been obtained by him in his confidential capacity as a public accountant. This

Section shall not apply to any investigation or hearing undertaken pursuant to this Act." Ill. Rev. Stat. 1987, ch. 111, par. 5533.

The trial court took great care to indicate that the supreme court's decision in *In re October 1985 Grand Jury No. 746* (1988), 124 Ill. 2d 466, 530 N.E.2d 453, did not apply to the facts in this case. *October* was the first Illinois decision to interpret the statutorily created accountant's privilege[1] and determined that it did not apply to tax information which the client could reasonably expect would be disclosed to third parties and therefore not received by the accountant in confidence.

In *October*, the court suggests that documents or information turned over to an accountant in connection with the preparation of a client's tax return are not confidential because there is a likelihood that they will be disclosed to a third party. The court concludes that a "tax client provides information to his accountant with the understanding that there may be, at the accountant's discretion and judgment, a disclosure of it to a third party, the State, or other parties, *e.g.*, Federal and other taxing authorities." (*October*, 124 Ill. 2d at 477.) The *October* court assumes that the tax client puts at risk the confidentiality attached to the information and such communications therefore are beyond the scope of the section 27 privilege. *October*, 124 Ill. 2d at 477.

The *October* decisions provide an exception to the privilege as it relates to tax returns and accountants' workpapers and information necessary to prepare such returns. (*In re October 1985 Grand Jury No. 746* (1987), 154 Ill. App. 3d 288, 507 N.E.2d 6, *vacated* (1988), 124 Ill. 2d 466, 530 N.E.2d 453.) It is clear that the basis for such a ruling was concern that one seeking to evade tax or reporting requirements might attempt to shield such information by merely transferring to his accountant all documents relating to his tax liability. *Oc-*

---

[1]Prior Federal cases have construed the accountant privilege statute of Illinois as having established a privilege which can be claimed only by the accountant, but those cases did not address the scope of the privilege. (*Western Employers Insurance Co. v. Merit Insurance Co.* (N.D. Ill. 1979), 492 F. Supp. 53; *Dorfman v. Rombs* (N.D. Ill. 1963), 218 F. Supp. 905.) In contrast, accountant privilege statutes in other States provide the holder of the privilege to be the client. *E.g.*, Georgia (*Gearhart v. Etheridge* (1974), 232 Ga. 638, 208 S.E.2d 460); Indiana (*Ernst & Ernst v. Underwriters National Assurance Co.* (1978), 178 Ind. App. 77, 381 N.E.2d 897); New Mexico (*Ash v. H.G. Reiter Co.* (1967), 78 N.M. 194, 429 P.2d 653); and Tennessee (*Federal Insurance Co. v. Arthur Anderson & Co.* (Tenn. 1991), 816 S.W.2d 328).

*tober*, 154 Ill. App. 3d at 296; *Paper Corp. of America v. Schneider* (Fla. App. 1990), 563 So. 2d 1134.

Although this concept has been extended to at least one other area (*In re Estate of Berger* (1987), 166 Ill. App. 3d 1045, 520 N.E.2d 690 (information given to an accountant in connection with preparation of a current or final account for probate court proceedings)), we do not believe that it may be extended to an accountant whose limited task is to perform an audit for the client.

■ To establish parameters for the accountant's privilege, the *October* court recognized four factors to be considered in regard to the privilege:

" '(1) The communications must originate in a *confidence* that they will not be disclosed.

(2) This element of *confidentiality must be essential* to the full and satisfactory maintenance of the relation between the parties.

(3) The *relation* must be one which in the opinion of the community ought to be sedulously *fostered*.

(4) The *injury* that would inure to the relation by the disclosure of the communication must be *greater than the benefit* thereby gained for the correct disposal of litigation.' " (Emphasis in original.) (*October*, 124 Ill. 2d at 475, 530 N.E.2d 453, quoting 8 J. Wigmore, Evidence §2285, at 527 (McNaughton rev. ed. 1961).)

We are concerned here only with whether the documents held by Peat Marwick "originated in a confidence," *i.e.*, FMC's intention that they not be disclosed.

■ In considering any privilege, we must be mindful that privileges, by their nature, tend to adversely affect the fact-finding process and often stand as a barrier against illumination of truth. Therefore, privileges are not to be expansively construed because they are exceptions to the general duty to disclose during discovery. *Illinois Educational Labor Relations Board v. Homer Community Consolidated School District No. 208* (1989), 132 Ill. 2d 29, 34, 547 N.E.2d 182; *Maxwell v. Hobart Corp.* (1991), 216 Ill. App. 3d 108, 111, 576 N.E.2d 268.

However, we are required to balance this inconvenience with the interest that society has in protecting privileged relationships in general. Our legislature has determined that the accountant-client relationship is one of substantial significance and by enactment of section 27 encourages people to make use of professional accounting services and to be frank and candid with such professionals. Accordingly, it is

critical to our analysis that we do not carve out a series of exemptions that would emasculate the straightforward language of section 27.[2]

In the instant case Peat Marwick was not a preparer of tax returns, Security and Exchange Commission filings or other similar documents, reports or returns, but rather was limited to providing audit services and determining that FMC'S accounting procedures were appropriate. However, in order to comply with the mandate of *October*, Peat Marwick will be required to produce any documents that have previously been filed with third parties and any claims or communications received from third parties since these materials did not originate in confidence.

■ We now address our findings as to each category of documents requested. The first category of documents listed in the subpoena for production provides:

"All communications and documents including, without limitation, work papers, accounting and financial records and tax returns, tax accrual worksheets, and federal and state tax returns concerning any accounting reserves or disclosures created, established or made by FMC in connection with any environmental liability costs at the FMC sites."

We find that any documents in the possession of Peat Marwick which pertain to or were prepared for the State and Federal tax returns filed by FMC must be produced.

The second category of information requested for production states:

"All communications and documents concerning any governmental and/or third-party environmental claims or action against FMC arising out of or related to FMC's activities at the FMC sites."

Any material regarding the designated subject matter which Peat Marwick or FMC received from or sent to third parties must be produced, excluding documents which fall within the scope of privileged communications in the course of litigation. Any environmental claims

---

[2]In a cogent dissent, Justice Clark limited the matter exempt from the privilege to information given by the clients "to the extent that it was actually disclosed upon their [tax] return." (*October*, 124 Ill. 2d at 482 (Clark, J., dissenting).) Accordingly, the communications and documents rendered to the accountant would all be privileged except those materials actually disclosed. Although the analysis in the dissent appears to fulfill the legislative goal of section 27, it is not for an intermediate court of review to ignore recent pronouncements of our supreme court.

filed against FMC in court would be a matter of public record. Communications and documents which were transmitted only between FMC and Peat Marwick are not subject to disclosure.

The third group of information designated in the document request asks for:

> "All documents concerning any environmental liability costs or environmental expenses arising at any time at the FMC sites."

We find that all material within this request is privileged as it does not in any way relate to information conveyed to or received from third parties.

The fourth document category requests:

> "All communications between or among you and FMC of any other person concerning environmental liability costs, expenses, or anticipated costs, expenses of liabilities arising at any time at the FMC sites."

To the extent any communication was received by or given to a third party, outside the privileged confines of pending litigation, such communications must be produced. However, communications conveyed only between FMC and Peat Marwick are protected.

The fifth and final category of documents specified in the subpoena states:

> "All communications and documents concerning expenditures for capital improvements undertaken to control, maintain, monitor, prevent and/or detect the release, dispersal or spillage of any hazardous substances or chemical waste at any of the FMC sites."

Such information is to be produced only to the extent that "expenditures for capital improvements" are disclosed, if at all, in documents filed with a third party, such as taxing authorities.

We agree with the trial court that the majority of documents requested in the subpoena are within the scope of the accountant privilege. However, we reverse and remand to allow the trial court to give effect to those portions of the subpoena for which we have required Peat Marwick's compliance.

Reversed and remanded with directions.

RIZZI and CERDA, JJ., concur.