## O'NEAL *v.* AUTOMOBILE PISTON & PARTS CO. *et al.*

No. 12635.   JUNE 19, 1939.

*Astor Merritt,* for plaintiff.

*R. H. Hutcheson, D. S. Strickland, Powell, Goldstein, Frazer & Murphy, James K. Rankin, Barry Wright,* and *Joseph M. Brown,* for defendants.

PRATT, Judge. ■ The ruling announced in the first headnote requires no elaboration.

■ The effect of the judgment on the demurrers of the intervenors was merely to construe the writing denominated by the plaintiff O'Neal as preferred stock in Kemp-West Motor Company, which plaintiff sought to enforce as a first lien upon all the assets of the corporation. Thus construed, we think the judgment here complained of is correct. It is true that this court held in *Savannah Real Estate &c. Co.* v. *Silverberg,* 108 *Ga.* 281 (33 S. E. 908), that the certificate denominated preferred stock in that case, under its peculiar language and that of the other documents forming the contract between the corporation and the stockholder, was an evidence

of debt instead of a certificate of preferred stock in the corporation. See also *Cook* v. *Equitable Building & Loan Association,* 104 *Ga.* 814 (5) (30 S. E. 911) ; *Cashen* v. *Southern Mutual Building & Loan Association,* 114 *Ga.* 983 (41 S. E. 51). The instrument of writing denominated by plaintiff a certificate of preferred stock in Kemp-West Motor Company is very similar to the instrument passed on by this court in *Jefferson Banking Co.* v. *Trustees of Martin Institute,* 146 *Ga.* 383 (91 S. E. 463). In considering the question whether the holder of such certificate is entitled to a first lien on the assets of the corporation, for the payment of the par value of what is termed preferred stock as well as accrued dividends thereon, we shall consider both the construction that the instrument here involved is preferred stock and also the construction that it is an evidence of a debt owing by the corporation to the holder thereof.

If we construe the instrument as preferred stock, as the plaintiff appears to have done, does the same, under the facts in the record, give to the holder the preferred rights for which the plaintiff contends; that is, a valid first lien on all assets of the corporation for the payment of the par value of such preferred stock together with accrued annual dividends thereon? Under the authority of *Jefferson Banking Co.* v. *Trustees,* supra, we are compelled to answer this question in the negative. In that case we held: "In the absence of statutory authority, such certificates of stock can not become a lien upon the assets of the corporation, in preference to creditors of the corporation." It is contended by the plaintiff that the statutory authority conferred upon superior courts to grant charters to corporations such as the one here involved is authority for the granting by the court of the powers sought to have been given to the Kemp-West Motor Company to grant a valid first lien on all its assets in favor of holders of its preferred stock. We do not so understand the law. In the exercise by superior courts and their judges of the authority to grant charters to private corporations, no corporate power can be conferred not provided for by law. To do so would be to usurp functions of the legislative department. We know of no law in this State granting to such corporations power or authority to create any lien upon their assets in favor of any class of stockholders thereof as such. It appears to be now firmly established in our law that a preferred stockholder is not a corporate creditor. The instrument here involved undertakes to

guarantee to the preferred stockholder eight dollars per share annually as a dividend, whether earned by the corporation or not, and to create a first lien upon all the assets of the corporation for the payment thereof. Such a provision is not only contrary to the public policy of this State, but it is expressly condemned by a penal statute as embodied in our Code, § 22-9901. The plaintiff makes no allegation that any dividend had been earned by the corporation. Courts of this State have no authority to prefer stockholders of a corporation over its creditors.

We shall now consider the contention that the instrument denominated preferred stock is in reality the evidence of a debt. We are of the opinion that, properly construed, this instrument is preferred stock in the corporation, and not an evidence of a debt. There is one very important distinction between the instrument now under consideration and the one construed in the *Silverberg* case, supra, where the writing contained the following language: "The entire issue of this preferred stock shall be retired by the company on January 1, 1897, at its face value." The instrument in the case at bar provides no certain and definite date on which the holder may compel the corporation to make payment. The only provision is that "upon failure of said corporation to pay the annual dividend at the rate and upon the date herein specified, the holder or holders of twenty-five per cent. of the then outstanding preferred stock shall have the right at his, her, or its option, upon giving the said corporation thirty days notice of such intention, to declare the par value, to wit, $100 for each share of said stock, together with all accrued dividend payments, due and collectible, and to enforce collection of same by application to a court of equity," etc.

The instrument which this court had under consideration in *Jefferson Banking Co.* v. *Trustees,* supra, contained provisions almost identical with the one in the case at bar, except as to the method of enforcement. This court there held: "Under the terms of the instrument, which is in the form of a certificate of stock, no time is fixed when the principal debt shall become due and payable; and unless this be done, it can not even create a debt." As there pointed out, the writing here could go on indefinitely, so long as the annual dividends were paid. It is not even contended that any right in the holder to demand full payment could ever arise

until actual default in payment of annual dividends. The construction of the instrument in the *Silverberg* case turned on the portion of the writing quoted above which provided that the principal is due on a date certain, and the corporation may be *compelled* to pay the same in money on a *fixed and stipulated* date. This distinction is also clearly pointed out and emphasized in *Coggeshall* v. *Georgia Land and Investment Co.*, 14 *Ga. App.* 637 (82 S. E. 123). Moreover, it should be noted that the rights of creditors were not involved in the *Silverberg* case. This court called attention to this in the *Jefferson Banking Co.* case, where it was said that the *Silverberg* case "was decided upon its own peculiar facts. It was a suit by the holder of the certificate against the maker, and did not involve the question whether the corporation could create a lien in favor of other stockholders as against creditors."

Construing the judgment of the trial court in this case to be one which adjudicates only the question of the legal effect of the instrument designated by plaintiff as preferred stock in Kemp-West Motor Company, and holding that this instrument gives to the holder only the right of a preferred stockholder, which, under the facts of this case and our law, entitles such holder to no lien upon the assets of the corporation as against creditors thereof, it is our opinion that the judgment was correct.

*Judgment affirmed. All the Justices concur.*