### 35969. Chavala Cooperative, Inc. v. Hortman.

Quillian, J. 1. Only demands which will support an independent action for their collection can be pleaded by way of set-off.

2. Every debt is an obligation but not every obligation is a debt for the collection of which a suit may be maintained. Pennsylvania Company &c. v. Scott, 346 Pa. 13 (29 Atl. 2d 328, 144 A. L. R. 849).

3. A "debt" has been defined to be a sum of money due by a certain and express agreement. A debt in its general sense is a specific sum of money which is due or owing from one person to another, and denotes not only the obligation of one person to pay, but the right of the other party to receive and enforce payment by judicial action; it is that which one is bound to pay to or perform for another; that which one is obliged to do or suffer. A demand payable only upon the choice of the obligor is not in legal contemplation a debt for the collection of which an action may be maintained. *Dewey* v. *Denson,* 31 *Ga. App.* 352 (1, 2) (120 S. E. 805).

4. An instrument, such as the one upon which the defendant predicates the plea of set-off in this case, of a hybrid nature having features both of a certificate of preferred stock and a debenture, and payable on at the option of its maker does not evince an enforceable debt. *O'Neal* v. *Automobile Piston & Parts Co.,* 188 *Ga.* 380 (4 S. E. 2d 40, 123 A. L. R. 850); *Board of Trustees of Bessie Tift College* v. *Barrow County Cotton Mills,* 39 *Ga. App.* 261 (146 S. E. 637) and many other similar holdings found in Georgia Reports and those of various other States. For exhaustive annotations on the subject see Words and Phrases, Vol. 11, page 210 and pocket parts of same volume.

5. Unless otherwise stipulated the situs of a debt follows the domicile of the creditor and is construed according to the laws of the State in which he resides. *Birdseye* v. *Underhill,* 82 *Ga.* 142 (7 S. E. 863), 2 L. R. A. 99, 14 Am. St. R. 142). Where an instrument like the one upon which the defendant predicates his plea of set-off in the instant case does not evince

a debt for any principal amount, but does obligate its maker to periodically pay certain amounts of interest it is an evidence of debt to that extent, and in construing it the rule pronounced in the preceding headnote is applicable.

6. We conclude that only the interest accruing on the instrument set up in the plea of set-off in this case was the legitimate subject matter of a plea of that nature. Accordingly the trial court passing upon the law and facts of the case without intervention of a jury erred in entering a judgment allowing the defendant to recover the principal amount of such instrument.

7. No question is now before this court as to whether the defendant by appropriate equitable plea in bar of the non-resident plaintiff corporation's action can set up his right to collect the future interest which will mature periodically under the terms of the discussed instrument until the corporation elects to pay the principal or is legally dissolved.

8. The trial judge erred in denying the motion for a new trial.

9. The defendant's plea of set-off undertook to recover both the principal and interest evinced by the instrument referred to in the foregoing headnote. Under the rulings contained in those headnotes he could recover the interest but not the principal. Consequently, the defendant's demurrers directed against the plea as a whole were properly overruled by the trial judge.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*

DECIDED FEBRUARY 15, 1956—REHEARING DENIED MARCH 5, 1956.

*H. Thad Cawley,* for plaintiff in error.
*Garland T. Byrd, Kyle Yancey,* contra.