## A92A1608. WILENSKY v. BLALOCK.
(424 SE2d 26)

CARLEY, Presiding Judge.

A jury verdict against appellant-defendant was returned in favor of appellee-plaintiff and, on February 15, 1990, the trial court entered judgment thereon. However, appellant moved for judgment n.o.v. and that motion was granted. Appellee appealed and this court reversed the grant of appellant's motion for judgment n.o.v. *Arford v. Blalock*, 199 Ga. App. 434, 440 (13) (405 SE2d 698) (1991). On certiorari, the Supreme Court affirmed. *Wilensky v. Blalock*, 262 Ga. 95 (414 SE2d

1) (1992). On April 2, 1992, the judgment of this court reversing the grant of appellant's motion for judgment n.o.v. was made the judgment of the trial court. The issue presented for resolution in the instant appeal is the date upon which post-judgment interest commences. Appellee urged, and the trial court held, that post-judgment interest runs from February 15, 1990, the date of the original judgment entered on the jury's verdict. Appellant appeals, urging that post-judgment interest runs only from April 2, 1992, the date that the judgment of this court reversing the grant of appellant's motion for judgment n.o.v. was made the judgment of the trial court.

"All judgments in this state shall bear interest upon the principal amount recovered. . . ." OCGA § 7-4-12. The judgment in appellee's favor was entered on the jury's verdict on February 15, 1990. If the trial court had correctly denied appellant's motion for judgment n.o.v., interest on appellee's judgment would clearly run from the date of its entry. Accordingly, the issue for resolution is whether appellee is to be deprived of interest running from that date because he was required to secure an appellate reversal of the trial court's erroneous ruling.

The erroneous grant of appellant's motion for judgment n.o.v. was a final order for appeal purposes, but it never became final for res judicata purposes. This court reversed the trial court and the Supreme Court affirmed this court. "The legal effect of the reversal of a judgment on appeal is to nullify the effect of such judgment in all its aspects and place the parties in the same position in which they were before such judgment. [Cits.]" *McKay v. McKay*, 93 Ga. App. 42 (3) (90 SE2d 627) (1955). See also *Franklyn Gesner Fine Paintings v. Ketcham*, 259 Ga. 3, 4 (6a) (375 SE2d 848) (1989). Accordingly, the legal effect of the appellate reversal of the erroneous grant of appellant's motion for judgment n.o.v. was to nullify the effect of that erroneous order in all its aspects and to place appellee and appellant in the same position in which they were before that erroneous order was entered. Before that erroneous order was entered, appellee was the creditor and appellant was the debtor on a judgment that had been entered on February 15, 1990. Thus, pending appeal, the trial court's erroneous order was a mere impediment to the enforceability of the judgment entered on the jury's verdict. On appeal, that impediment was removed. It follows that interest runs from February 15, 1990, the date that judgment was properly entered on the jury's verdict. See *Wilcher v. Hamilton*, 15 Ga. 435, 441 (4) (1854).

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED OCTOBER 2, 1992 —
RECONSIDERATION DENIED OCTOBER 16, 1992 —

*Weinstock & Scavo, Michael Weinstock, Alan R. Heath*, for appellant.

*Decker & Hallman, Richard P. Decker, Peter V. Hasbrouck*, for appellee.