S02Q0764. C-STAFF, INC. et al. v. LIBERTY MUTUAL
INSURANCE COMPANY.
(571 SE2d 383)

FLETCHER, Chief Justice.

While pursuing efforts to execute on a judgment that Liberty Mutual Insurance Company had obtained against C-Staff, Inc., Liberty Mutual invoked OCGA § 9-11-69 to implead various persons and entities that had not been parties to the underlying action in which Liberty Mutual obtained its judgment. The United States Court of Appeals for the Eleventh Circuit certified to this Court the question of whether OCGA § 9-11-69 authorizes a judgment creditor to implead and hold liable persons who were not parties to the underlying judgment. We hold that it does not. In Georgia, a judgment-creditor must initiate a separate civil action against persons it claims are liable for a judgment to which they were not parties by filing a complaint and serving the defendants under the procedures set forth in the Civil Practice Act.

In March 1996, Liberty Mutual sued C-Staff, Thomas Keesee and others in the federal district court in Miami. That court dismissed Keesee for lack of personal jurisdiction, and a jury subsequently awarded Liberty Mutual over $3.7 million against C-Staff. In April 1998, Liberty Mutual registered the Florida judgment in the United States District Court for the Northern District of Georgia and obtained a writ of execution.

As part of its efforts to locate assets to satisfy the judgment, Liberty Mutual served discovery requests on Keesee, KBAS I, LLC, and Continental Benefit Administrators, Inc. Liberty Mutual later moved to compel responses to its discovery requests, and the Georgia federal court granted those motions, in part.

After receiving responses to its discovery, Liberty Mutual moved to add Keesee, KBAS I, and Continental Benefit, under Federal Rule of Civil Procedure 69 and OCGA § 9-11-69, and hold them liable for the Florida judgment. Neither KBAS I nor Continental Benefit was ever a party to the Florida action, and Keesee had been dismissed prior to entry of judgment. Liberty Mutual never filed a complaint in the Georgia federal court against Keesee or anybody else. The federal court permitted the impleader, overruling Keesee's objection that he could not be liable for a judgment to which he had not been a party without Liberty Mutual's first filing a direct action against him.

1. OCGA § 9-11-69 permits a judgment-creditor to use judicially-enforceable discovery tools to seek information that would "lead to any property or sources of income of the judgment debtor"[1] or to those who may be liable for the debt, as follows:

> Process to enforce a judgment for the payment of money shall be a writ of execution unless the court directs otherwise. In aid of the judgment or execution, the judgment creditor, or his successor in interest when that interest appears of record, may do any or all of the following:
> (1) Examine any person, including the judgment debtor by taking depositions or propounding interrogatories;
> (2) Compel the production of documents or things; and
> (3) Upon a showing of reasonable necessity, obtain permission from a court of competent jurisdiction to enter upon that part of real property belonging to or lawfully occupied by the debtor which is not used as a residence and which property is not bona fide in the lawful possession of another; in the manner provided in this chapter for such discovery measures prior to judgment.

As both parties recognize, nothing in this code section expressly permits a judgment-creditor to hold liable any party other than the judgment-debtor.

Liberty Mutual nonetheless contends that OCGA § 9-11-69 vests trial courts with the discretion to add and hold liable persons who were not parties to the judgment. We reject this argument. The General Assembly has established certain statutory proceedings related to enforcing judgments that are separate from the Civil Practice Act,[2]

---

[1] *Miller v. U. S. Shelter Corporation of Delaware*, 179 Ga. App. 469, 474 (347 SE2d 251) (1986); see also *Esasky v. Forrest*, 231 Ga. App. 488, 490 (499 SE2d 413) (1998); *Ostroff v. Coyner*, 187 Ga. App. 109, 117 (369 SE2d 298) (1988).

[2] See, e.g., OCGA § 18-3-1 et seq. (attachment and levy); OCGA § 18-4-1 et seq. (garnishment).

and impleading and holding liable persons who were not parties to the judgment are not among them. Absent a specific statutory procedure authorizing deviation from the Civil Practice Act, we conclude that the General Assembly intended for judgment-creditors to follow the general requirements for holding a person civilly liable, which include filing a complaint and serving the defendant.

Furthermore, permitting trial courts to adopt procedures for impleading persons who may be liable for a judgment on a case by case basis is not sound policy. In addition to being contrary to established statutory requirements, having trial courts individually develop rules would leave Georgia citizens subject to procedures that could vary from one trial court to the next, even assuming that each judge's procedures satisfied constitutional requirements. In contrast, the Civil Practice Act, uniform court rules, and other published statutory provisions provide stability and predictability that all parties and courts can follow. Although Liberty Mutual has raised several reasons why impleading persons who may be fraudulently concealing the judgment-debtor's assets is preferable to requiring the judgment-creditor to bring a new civil action, that decision is best made by the General Assembly.

Liberty Mutual's reliance on *Couch v. City of Villa Rica*[3] is misplaced. Unlike *Couch*, Liberty Mutual is attempting to hold persons other than the judgment-debtor personally liable for a judgment without first bringing a direct action. That is not permitted under Georgia law.

2. To enforce a judgment against persons who are not parties to a judgment, a judgment-creditor in Georgia must initiate a civil action against those it seeks to hold responsible for satisfying the debt by following the procedures set forth in the Civil Practice Act, which requires a complaint to be filed and the defendants to be served with process.[4] Although OCGA § 9-11-69 is a part of the Civil Practice Act, it does not authorize a judgment-creditor to implead and hold liable persons against whom the judgment was not entered. Accordingly, the answer to the Eleventh Circuit's question is no.

We emphasize that our holding today was rendered in a case that began as an action to compel discovery responses related to the enforcement of a judgment against a judgment-debtor that allegedly had gone out of business. Nothing in our decision should be read to suggest that joinder (including impleading) of additional parties is any different, once a creditor initiates a direct action, than what is normally allowed under the Civil Practice Act.[5] Also, we do not

[3] 203 F. Supp. 897 (N.D. Ga. 1962).

[4] See, e.g., OCGA § 9-11-3; *Franek v. Ray*, 239 Ga. 282, 285 (236 SE2d 629) (1977).

[5] See generally OCGA §§ 9-11-13, 9-11-14, 9-11-18, 9-11-19, 9-11-20.

address, among other things, what steps, consistent with constitutional requirements, a trial court in Georgia may take to expedite proceedings once the defendant has been properly brought before the court, particularly when the principal question is whether the defendant is liable for the judgment-debtor's debts.

*Question answered in the negative. All the Justices concur.*

DECIDED OCTOBER 15, 2002.

*Shaw, Evans & Dallas, Howard R. Evans, Robert F. Dallas,* for appellants.

*The Szymoniak Firm, Scott J. Topoloski, Beth L. Blechman,* for appellee.