A03A0170. THREATT et al. v. FORSYTH COUNTY.

(585 SE2d 159)

BARNES, Judge.

James W. Threatt, Jr. and Thomas A. Threatt appeal the superior court's order denying them further postjudgment interest in this condemnation proceeding. This is the second appearance of this controversy before this court. See *Threatt v. Forsyth County*, 250 Ga. App. 838 (552 SE2d 123) (2001) (*"Threatt I"*). The issues in *Threatt I* and this appeal concern the amount of any prejudgment and postjudgment interest to which the Threatts were entitled. For a more detailed discussion of the underlying facts, see *Threatt I*, supra, 250 Ga. App. at 838-839.

*Threatt I* was a consolidated appeal concerning two issues: First, whether the Threatts were entitled to any interest on the difference between the value determined by the special master and the value determined by the arbitrator as provided for in OCGA § 22-2-113 (c).[1] We held that they were. *Threatt I*, supra, 250 Ga. App. at 840-843. Second, whether the superior court had terminated prematurely the postjudgment interest Forsyth County owed the Threatts. And, on that issue we held that the superior court had prematurely abated the interest:

> As the requirements of OCGA § 9-11-67[2] were not complied with, interest thereon did not abate until October 4, 2000, when the trial court issued its order. The trial court had no

---

[1] "If the amount awarded by the special master or the special master panel, if such a panel exists, is less than that found by the verdict of the jury, the condemnor shall be bound to pay the sum so finally adjudged less the amount previously deposited as provided in Code Section 22-2-110 plus lawful interest on the difference from the date of such deposit, in order to retain the property."

[2] In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing to be held by the clerk of the court, subject to withdrawal, in whole or in part, at any time thereafter upon order of the court, upon posting of sufficient security. Where the thing deposited is money, interest thereupon shall abate.

authority to modify the terms of OCGA § 9-11-67 or to make its order retroactive to June 16, 2000. See *Great Southern Midway v. Hughes*[, 223 Ga. App. 643, 644 (478 SE2d 400) (1996)].

Id. at 845. Thus, because we reversed the superior court on both points, we also remanded the cases "for disposition consistent with this opinion." Id.[3]

After the remittitur from this court was filed in the superior court, the Threatts moved for the award of $3,131,196.34 in principal and postjudgment interest plus additional postjudgment interest that was accruing at the rate of $861.48 per day. The theory underlying the Threatts' claims was that the $9,336,887.72 payment tendered by Forsyth County was not sufficient to pay in full the principal amount owed and the interest that had accrued. Consequently, the Threatts argued that applying OCGA § 7-4-17[4] to the amount tendered and applying the payment first to the interest owed and then to the principal, a balance remained on the principal of $2,620,338.70 and they were entitled to additional postjudgment interest of $510,857.64 on that amount.

On May 24, 2002, the superior court granted Forsyth County's emergency motion to tender a payment of $2,617,156.82 into the registry of the court. The order provided that "the accrual of interest of any kind on this sum after May 24, 2002, to the extent any such interest is in fact accruing is hereby abated. It is also ORDERED that [the Threatts] are hereby authorized to withdraw $2,617,156.82 instanter, without the posting of any security." On May 28, 2002, the parties entered a consent order allowing Forsyth County to tender $517,995.84 into the registry of the court under OCGA § 9-11-67 so that all interest would be abated. The order authorized the Threatts to withdraw the money, but required that the money be deposited in a secure interest-bearing account and that the interest accruing on the account would not be withdrawn until final adjudication of the case.

Ultimately, the superior court determined that the Threatts

---

[3] After this court's decision was published on July 10, 2001, Forsyth County moved for reconsideration and, when no relief was granted, petitioned the Supreme Court of Georgia for certiorari on July 31, 2001. The petition was denied on April 15, 2002, this court remanded the case to the superior court on May 16, 2002, and the remittitur was filed in the superior court on May 20, 2002.

[4] When a payment is made upon any debt, it shall be applied first to the discharge of any interest due at the time, and the balance, if any, shall be applied to the reduction of the principal. If the payment does not extinguish the interest then due, no interest shall be calculated on such balance of interest and interest shall be calculated only on the principal amount up to the time of the next payment.

were entitled to receive only $2,617,156.82 in pre- and postjudgment interest that had accrued prior to October 4, 2000, and that, as the Threatts were not entitled to receive the $517,995.84 in interest that had been paid into the registry of the court, that amount with accrued interest must be returned to Forsyth County within five days of the superior court's order.

In this appeal, the Threatts contend the superior court erred by denying their motion for postjudgment interest that accrued after October 4, 2000. They assert that the trial court erred by finding (1) that the Court of Appeals remittitur prevented such an award, (2) that the Threatts were estopped by their actions in the previous appeal from seeking additional postjudgment interest, and (3) that the Threatts were not entitled to additional postjudgment interest as OCGA § 7-4-17 does not apply to civil judgments. The Threatts also contend the trial court erred by requiring the Threatts to return the $517,995.84 that had been tendered to them. We agree and reverse.

1. We find that the trial court erred by denying further relief because it found that our remittitur prohibited such relief.

> The law of the case rule has formally been abolished except as it applies to rulings by one of the appellate courts; they are binding in all subsequent proceedings. The rule is set forth in OCGA § 9-11-60 (h), which states that "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be.

(Citation and punctuation omitted.) *Brown v. Piggly Wiggly Southern*, 228 Ga. App. 629 (1) (493 SE2d 196) (1997). This court, however, made no ruling on any amount of interest that might have accrued after October 4, 2000, because no issue concerning that amount was pending before the court. The Threatts' notice of appeal only concerned interest that might have accrued before that date, and under our law no issue concerning interest accruing after the notice of appeal could have been brought before this court at that time. Therefore, the law of the case rule is inapplicable to these circumstances.

2. In the same manner, nothing in the Threatts' pleadings in the prior appeals concerning this litigation can reasonably be construed to estop them from attempting to secure interest to which they are legally entitled that accrued after that litigation. We find nothing in the Threatts' statement that the October 2000 payment "represented the principal amount due the Threatts under the May 25 Consent Order, plus approximately 5.85% per annum interest on and after June 16" to be an admission or a concession that this sum was all the

principal and interest to which they were entitled or that they were seeking. Certainly, Forsyth County contended that the sum tendered "represented" all the principal and interest to which the Threatts were entitled. "The rule as to admissions in judicio applies only to admissions of fact and does not apply to opinions or conclusions. [Cits.]" *Aycock v. Calk*, 228 Ga. App. 172, 174 (491 SE2d 383) (1997). Therefore, there was no admission in judicio in the complaint, because opinions and conclusions in the pleadings are not admissions in judicio. *Scott v. Jefferson*, 174 Ga. App. 651, 652 (1) (331 SE2d 1) (1985). Accordingly, the superior court erred by denying the Threatts postjudgment interest on this basis.

3. We also find that the trial court erred by denying the Threatts' claim for postjudgment interest that accrued after October 4, 2000, based on application of OCGA § 7-4-17 to that payment. The superior court determined that OCGA § 7-4-17 applied only to debts and, relying upon *Chavala Co-Op v. Hortman*, 93 Ga. App. 505 (92 SE2d 236) (1956), found that a judgment was not a debt within the meaning of the Code section. Nothing in *Chavala Co-Op*, however, supports this conclusion.

To the contrary, our law recognizes that judgments are debts and parties to litigation can be judgment debtors or creditors. See, e.g., OCGA §§ 9-11-69 (to enforce a judgment, the judgment creditor is permitted certain actions); 9-13-80 (a) ("Upon the satisfaction of the entire debt upon which an execution has been issued, the plaintiff in execution or his or her attorney shall timely direct the clerk to cancel the execution and mark the judgment satisfied."); *C-Staff, Inc. v. Liberty Mut. Ins. Co.*, 275 Ga. 624, 625 (1) (571 SE2d 383) (2002) ("OCGA § 9-11-69 permits a judgment-creditor to use judicially-enforceable discovery tools to seek information that would 'lead to any property or sources of income of the judgment debtor' or to those who may be liable for the debt. . . .") (footnote omitted); *Williams v. Merritt*, 109 Ga. 217 (34 SE 1012) (1900) (even a dormant judgment survives as a "debt of record"); *Hubbard v. Farmers Bank*, 153 Ga. App. 497, 499 (265. SE2d 845) (1980) (appellant's failure to post supersedeas bond leaves appellee free to take action that "may be available to collect his debt"). Further, "[w]henever one person, by contract or *by law*, is liable and bound to pay to another an amount of money, certain or uncertain, the relation of debtor and creditor exists between them." (Emphasis supplied.) OCGA § 18-2-1.

In *Wilensky v. Blalock*, 205 Ga. App. 845, 846 (424 SE2d 26) (1992), we held that

> the legal effect of the appellate reversal of the erroneous grant of appellant's motion for judgment n.o.v. was to nullify the effect of that erroneous order in all its aspects and to

place appellee and appellant in the same position in which they were before that erroneous order was entered. Before that erroneous order was entered, appellee was the creditor and appellant was the debtor on a judgment that had been entered on February 15, 1990.

Thus, we cannot accept Forsyth County's argument that a judgment cannot be a debt for purposes of OCGA § 7-4-17, and we find that this Code section controls how payments for less than the full amount of a judgment should be allocated between principal and interest. Further, because "[n]o part of the judgment shall bear interest except the principal which is due on the original debt," OCGA § 9-12-10, adopting Forsyth County's argument would leave judgment creditors with no effective remedy, absent contempt proceedings, to encourage judgment debtors to pay interest that had accrued on their judgments after the principal had been paid.

Because of the interest that ·had accrued before October 2000, the payment on October 4, 2000, was for less than the total amount of principal and interest Forsyth County owed. That payment, then, did not terminate the accrual of interest on the remaining principal. "To stop the accrual of interest, a party must make a valid tender of payment. As a general rule, such a tender 'must be certain and unconditional, and must be in full of the specific debt.'" (Footnote omitted.) *Chouinard v. City of East Point*, 248 Ga. App. 768, 770 (1) (546 SE2d 827) (2001).

Consequently, applying OCGA § 7-4-17 to the facts of this case, we find that Forsyth County's payment on October 4, 2000, was not sufficient to discharge the principal in full, and a principal amount of $2,617,156.82 remained. Therefore, the Threatts were entitled to collect postjudgment interest on this amount. Id. As of the date of the trial court's order, the parties agreed that this amount was $517,995.84. Of course, as postjudgment interest continues to accrue while this case has been on appeal, that amount has continued to increase.

> OCGA § 7-4-12 provides that "all judgments in this State shall bear interest upon the principal amount recovered at the rate of 12 percent per year." This post-judgment interest is due "from the date the judgment is entered until the date the judgment is paid." Post-judgment interest is not abated by an appeal of the judgment, even if the judgment is appealed by the party in whose favor it was rendered.

(Citation and punctuation ˙omitted.) *Great Southern Midway v. Hughes*, supra, 223 Ga. App. at 643.

Additionally, we reject Forsyth County's argument that on October 4, 2000, no interest was owing because the superior court so ruled. According to Forsyth County, the interest was not owed until the trial court ordered it paid. This argument totally lacks merit. First, it is contrary to the holding in *Threatt I* that the county owed the interest, and secondly, payment of interest in this case was required by OCGA §§ 22-2-113 (c) and 7-4-12, and no order of the court was required to make the county liable for its payment.

Accordingly, we must reverse the trial court and remand the case with direction to the trial court to determine the amount of postjudgment interest to which the Threatts are entitled until the date on which the judgment, both principal and accrued interest, is ultimately paid or tendered in full. Although Forsyth County's tender of the $517,995.84 would ordinarily have protected the county from the accrual of additional interest during the pendency of this appeal, the county lost this protection because the superior court required the Threatts to return this money.

4. We find that the superior court's action in restoring the $517,995.84 paid into the court's registry was contrary to the court's consent order and deprived Forsyth County of the benefits of tendering the money into court. As Forsyth County prepared the order for the superior court, we assume that they did this for some perceived benefit. Nevertheless, this amount was for postjudgment interest that had accrued, and as, in Division 3 above, we have directed the superior court to determine all the postjudgment interest to which the Threatts were entitled and this accrued interest will be included in that amount. Under these circumstances, we need not address this issue separately.

*Judgment reversed and case remanded with direction. Andrews, P. J., and Adams, J., concur.*

DECIDED JULY 8, 2003.

*Winburn, Lewis, Barrow & Stolz, Irwin W. Stolz, Jr., George E. Butler II*, for appellants.

*Jarrard & Davis, Kenneth E. Jarrard, Angela E. Davis*, for appellee.