41183. STATE HIGHWAY DEPARTMENT v. RESPESS.

DECIDED MARCH 11, 1965—REHEARING DENIED
MARCH 25, 1965.

Eugene Cook, Attorney General, R. L. Chambers, E. J. Summerour, F. Douglas King, Assistant Attorneys General, John R. McCannon, Howard P. Wallace, Deputy Assistant Attorney General, for plaintiff in error.

John L. Respess, Jr., contra.

NICHOLS, Presiding Judge. ■ The first question for decision is whether the trial court erred in overruling the condemnor's special demurrer and motion to purge a paragraph of the condemnee's answer wherein he alleged that he was attaching as exhibits three appraisals of the property being condemned. Whether such pleadings were subject to demurrer need not be passed upon under a proper construction of the statutes dealing with eminent domain.

Under the Act of 1961 (Ga. L. 1961, p. 517 et seq.; *Code Ann. Ch.* 36-13), the issue as to value is not made by an answer filed by the condemnee to the condemnor's petition but by a notice of appeal filed as provided by § 10 of the Act of 1961, supra (*Code Ann.* § 36-1310), and the sole issue to be determined is "the value of the property taken and the consequential damages to the property not taken." Pending such trial an award by a "special master" is provided for by such Act (§ 9; *Code Ann.* § 36-1309), under the provisions of the Act of 1957 (Ga. L. 1957, p. 387, et seq. as amended; *Code Ann. Ch.* 36-6a), and such Act of 1957 specifically provides for the award of the special master to be detached before the papers are delivered to the jury on appeal, and it has been held where a condemnation proceeding is brought under the "assessor" method that the award of the assessors is properly removed from the record before such papers are given to the jury. See *Chandler v. Alabama Power Co.,* 104 Ga. App. 521, 537 (122 SE2d 317), and citations (reversed on other grounds, *Alabama Power Co. v. Chandler,* 217 Ga. 550, 123 SE2d 767).

Under the above statutes and holdings the proper practice is, even in the absence of demurrers or motions to purge, for the trial court to remove from the papers given to the jury all reference to value shown by the papers filed in the case whether in pleadings or exhibits attached thereto. No harmful error is shown by these assignments of error.

■ The condemnor demurred generally to the condemnee's motion to vacate, set aside and annul the declaration of taking upon the ground that it set forth no cause of action for any of the relief sought.

The motion to vacate, set aside and annul the declaration

of taking alleges that none of the circumstances set forth in § 1 of the Act of 1961, supra (*Code Ann.* § 36-1301), exists so as to authorize the proceedings in rem to condemn the condemnee's property, and further alleges that no such finding was made by the condemning authority.

The declaration of taking, together with the exhibits attached thereto, shows that the Director of the State Highway Department concluded that it was necessary to condemn the property for highway purposes and that it was necessary to do so under the Act of 1961, supra, as amended. Under § 3 of such Act as amended "the order of the Director of the State Highway Department, as required by subparagraph (6) of this section, shall be conclusive as to the use of the property condemned, as well as the authority to condemn under the provisions of this chapter." *Code Ann.* § 36-1303. The Supreme Court, in *State Hwy. Dept. v. Smith,* 219 Ga. 800 (136 SE2d 334), held that the Act did not abridge the constitutional prohibition against taking the property of a condemnee without due process of law for any reason there assigned.

The remaining attacks made by the condemnee's motion to vacate, set aside and annul the declaration of taking all deal with the choice of the State in electing to condemn his property under the Act of 1961, supra, as amended, rather than under another procedure authorized by statute.

So long as the procedure used to take the condemnee's property is in accordance with the law, he has no ground of complaint because another procedure, also authorized by law, was not used. The trial court erred in overruling the general demurrer of the State Highway Department to the motion to vacate, set aside and annul the declaration of taking, and the further proceedings on such motion were nugatory.

*Judgment affirmed in part; reversed in part. Eberhardt and Pannell, JJ., concur.*