111 Ga. App. 785 (1965)
143 S.E.2d 434
STATE HIGHWAY DEPARTMENT
v.
RESPESS.
41099.
Court of Appeals of Georgia.
Argued January 12, 1965.
Decided June 8, 1965.
Eugene Cook, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, Howard Wallace, Deputy Assistant Attorney General, John McCannon, for plaintiff in error.
Joe Salem, contra.
BELL, Presiding Judge.
1. The condemnee's complaints, as gathered from the allegations of his pleading to vacate the declaration of taking, are (1) that the proceeding to condemn his property under Code Ann. Ch. 36-13 is in violation of his rights under Art. I, Sec. III, Par. I of the Constitution of 1945, which prohibits the taking or damaging of private property for public purposes without just and adequate compensation being first paid; (2) that the proceeding under Code Ann. Ch. 36-13 denies the condemnee the equal protection of the laws guaranteed by the Fourteenth Amendment of the Constitution of the United *786 States; (3) that the taking of the condemnee's land was done in bad faith and was an improper use and an abuse and misuse of the powers of Code Ann. Ch. 36-13 in that none of the circumstances under which the condemnor would be authorized to proceed under the provisions of the Chapter had been determined to exist as required by Code Ann. § 36-1301; and (4) that the taking of the condemnee's land was in bad faith and was an improper use and an abuse and misuse of the powers of Code Ann. Ch. 36-13 in that the condemnor deposited in the registry of the court estimated compensation of $40,000, knowing that this sum was not just and adequate compensation. The condemnee's argument upon both constitutional grounds is based upon a lack of uniformity of procedure in that there are forms of procedure other than that prescribed by Code Ann. Ch. 36-13, by which the condemnor might have exercised the right of eminent domain against the condemnee's land. The condemnee is aggrieved particularly because the condemnation of his land was not brought pursuant to the provisions of Code Ann. Ch. 36-6A before a special master, and he argues that the condemnor's selection of one procedure rather than another would operate to deprive him of his property without just and adequate compensation.
"The Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the Constitution to a given state of facts, and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty." City of Atlanta v. Donald, 220 Ga. 98, 99 (137 SE2d 294).
2. There is no merit in the condemnee's contentions that the proceeding was in violation of the Georgia and United States Constitutions as urged. The Supreme Court of Georgia has held that Code Ann. Ch. 36-13 does not contravene either Art. I, Sec. I, Par. II; Art. I, Sec. I, Par. III; or Art. I, Sec. III, Par. I of the Constitution of 1945. State Hwy. Dept. v. Smith, 219 Ga. 800, 802-809 (1) (136 SE2d 334). Moreover, there is no violation of the Fourteenth Amendment of the United States Constitution. *787 "The due process clause does not guarantee to the citizen of a state any particular form or method of state procedure. . . . Nor does the equal protection clause exact uniformity of procedure. The legislature may classify litigation and adopt one type of procedure for one class and a different type for another." Dohany v. Rogers, 281 U. S. 362, 369 (50 SC 299, 74 LE 904). The circumstances set forth in Code Ann. § 36-1301 and the need for "a judicial ascertainment of any question" involved in the acquisition of land by eminent domain clearly is a sufficient basis justifying the adoption of the different procedure authorized by Code Ann. Ch. 36-13 in certain cases. "So long as the procedure used to take the condemnee's property is in accordance with the law he has no ground of complaint because another procedure, also authorized by law, was not used." State Hwy. Dept. v. Respess, 111 Ga. App. 421, 423 (142 SE2d 73).
3. The petition and declaration of taking in the instant case were filed pursuant to an order of the Director of the State Highway Department annexed to the declaration of taking as required by Code Ann. § 36-1303. This order stated the Director's finding "that the circumstances are such that it is necessary that the right of way and/or rights of way described in annexes to this order be acquired by condemnation under the provisions of Georgia Laws 1961, p. 517, et seq. as amended (Code Ann. § 36-1301 et seq.)."
"The order of the Director of the State Highway Department, as required by subparagraph (6) of this section, shall be conclusive as to the use of the property condemned, as well as the authority to condemn under the provisions of this Chapter." State Hwy. Dept. v. Respess, 111 Ga. App. 421, 423, supra. "The power of the court [to set aside the declaration of taking] . . . shall not be construed as extending to a determination of questions of necessity, but there shall be a prima facie presumption that the property condemned is taken for and is necessary to the public use provided for in this Chapter; and such power shall be restricted to the following questions: (a) Fraud or bad faith, as contemplated by said [Code] section 37-709; (b) The improper use of the powers of this Chapter, such as are not contemplated by the provisions of the Chapter; (c) The abuse or misuse of the powers of the Chapter; (d) Such other *788 questions as may be properly raised under the provisions of section 36-1308. . ." Code Ann. § 36-1303.
Code Ann. § 36-1303 does not require that the particular circumstances upon which the Director's finding is based be stated in the order annexed to the declaration of taking. It requires only the finding, and the order of the Director of the State Highway Department conformed with this requirement of Code Ann. § 36-1303. There was no evidence whatsoever introduced at the hearing on the condemnee's petition to vacate the declaration of taking which would indicate that this order was tainted in even the slightest degree with any matter into which the court might inquire and for which the court would be empowered to vacate the declaration of taking within the restrictions imposed by Code Ann. § 36-1303.
4. The remaining contention is based upon the charge that the condemnor deposited in the registry of the court an amount of estimated compensation while knowing that this amount was not just and adequate compensation as required by the constitutional prohibition against the taking or damaging of private property for public purposes without just and adequate compensation being first paid.
The condemnor's duty in estimating the amount of compensation, a statement of which under Code Ann. § 36-1303 is required to be a part of or annexed to the declaration of taking, is an adjudicative function. If the condemnee should not exercise his right under Code Ann. § 36-1310 to appeal for a jury determination of the amount of just and adequate compensation, then the condemnor's estimation becomes a final determination of that question.
The evidence shows that the condemnee had owned a tract of land of approximately 16 1/2 acres. The condemnor seeks to take 5.590 acres of this tract. The condemnee testified, "After I had been notified by the Highway Department that this land was to be condemned, I entered into a contract to sell approximately 10 1/2 acres inasmuch as the access road servicing this property would have been 20 feet above my residue property, making same impossible for usage without the expenditure of about $10,000 per acre for filling. That I had already spent approximately $30,000 to level and fill said property to make it usable for commercial use."
*789 This is the only evidence offered which might possibly reflect upon the value of the land taken or consequential damages to the land not taken. The mere fact that the condemnee would have had to spend a considerable sum of money to improve the land not taken in order to adapt it to use does not by itself support the inference that the land not taken would be damaged by the taking to the extent of the expected expenditure. Nor does this fact in connection with the fact that the condemnee had previously spent $30,000 in improving the entire tract support the conclusion that just compensation for taking a part of the tract would be in excess of $40,000. Nowhere in the record is there any evidence that the condemnor had knowledge of facts which would require an estimate of just compensation in excess of the sum actually calculated.
Unquestionably, in exercising the right of eminent domain under the procedure authorized by Code Ann. Ch. 36-13, the condemnor is duty bound to estimate compensation fairly and according to constitutional standards, not as an adversary of the condemnee. However, what is required in order to set aside the declaration of taking is proof that the condemnor acted in bad faith, or intentionally, to improperly use, abuse or misuse the powers of Code Ann. Ch. 36-13. This imports that the status of proof required is conclusive proof that the condemnor acted with knowledge and intent to deprive the condemnee of just and adequate compensation.
In absence of conclusive proof to the contrary, the presumption is that the public officials charged with the duty of estimating compensation under the statute performed the duty fairly and according to constitutional standards. When considering a pleading to set aside a declaration of taking under Code Ann. Ch. 36-13, the trial judge is not empowered to superimpose his views over those of the public officials charged by statute with the duty of properly estimating value sufficient to constitute just and adequate compensation for the property to be taken.
Judgment of the trial court vacating the declaration of taking is reversed. Frankum and Hall, JJ., concur.