## 47812. NUNNERY v. DEPARTMENT OF TRANSPORTATION.

STOLZ, Judge. On July 20, 1972, the Department of Transportation instituted condemnation proceedings against certain real estate owned at least in part by Joe Nunnery, pursuant to Code Ann. § 36-1303 (declaration of taking) (Ga. L. 1961, pp. 517, 520; 1962, Ex. Sess., Sept., pp. 37-44; 1963, p. 124). Following the filing of the petition, declaration of taking, etc., the condemnor caused the proceedings to be advertised as provided in Code Ann. § 36-1305 (7) (Ga. L. 1961, pp. 517, 522, as amended), the last such advertisement being published on August 3, 1972. On August 14, 1972, condemnee's counsel filed with the clerk of the Early Superior Court a document denominated an answer. Condemnor

moved to dismiss the "answer" on grounds that the same did not meet the requirements of Code Ann. § 36-1310 (Ga. L. 1961, pp. 517, 528), relating the rights of persons affected by the condemnation to appeal to a jury. The trial court, on October 3, 1972, entered an order finding that "there are no issues to be submitted to a jury as provided by law," thus, in effect, sustaining condemnor's motion to dismiss. Condemnee appeals. *Held:*

1. It has long been established in our law that the substance of a legal pleading determines its nature, not what it is denominated. *S. S. Kresge Co. v. Carty,* 120 Ga. App. 170, 176 (169 SE2d 735) and cit. Code Ann. § 36-1310 provides: "If the owner, or any of the owners, or any person having a claim against or interest in said property, *shall be dissatisfied with the compensation,* . . . such person or persons . . . shall have the right, . . . to file with the court a notice of appeal, the same to be in writing and made a part of the record in the proceedings." The only requirements of the notice of appeal are that it be in writing, timely filed, and that it express dissatisfaction with the compensation. Condemnee's "answer," in paragraph 4, shows that "plaintiff has not offered just and adequate compensation" and contends that the "true value is $30,000." (The condemnor had declared $24,475 to be just compensation for the land condemned.) In paragraph 8 of his "answer," condemnee demanded "a jury trial to determine the true market value of his property, and all damages resulting in plaintiff's declaration of taking, and a verdict of $30,000 for the value of said property and consequential damage to his golf course." This pleading met the essential requirements of § 36-1310. It was in writing, expressed dissatisfaction with the compensation, and was timely filed. The other portions of the pleading are simply surplusage, and, while we cannot particularly

understand why counsel would want to take a page and one half to accomplish that which could be done in one sentence, we cannot deny his client his right to have a jury pass on the amount of compensation to which the condemnee is entitled.

This decision is not in conflict with *State Hwy. Dept. v. Respess,* 111 Ga. App. 421 (1) (142 SE2d 73). A review of the record in that case reveals that the condemnee attempted to attach three appraisals showing value as exhibits to his *answer* to the condemnor's petition and declaration of taking. The condemnor's demurrer to that paragraph in the answer was overruled and exception was taken thereto. Division 1 of *Respess* concerns itself with that ruling and is not in conflict with our decision here.[1]

2. The remaining enumerations of error are without merit.

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED JANUARY 12, 1973 — DECIDED FEBRUARY 16, 1973.

*P. C. King, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, F. Edwin Hallman, Jr., Assistant Attorneys General,* for appellee.

---

[1]After the decision in this court, the *Respess* case was returned to the Superior Court of Clayton County and tried before a jury on the issue of compensation for the condemnee.