73736. ATWOOD v. SIPPLE et al.
(357 SE2d 273)

BEASLEY, Judge.

Plaintiffs Sipple and Gibson sued Atwood and others for breach of contract, fraud, and conversion arising out of a joint venture agreement which basically provided that 119 saltwater damaged British Leyland automobiles were to be purchased from British Leyland and then shipped to Guatemala for sale. Because of the damage, the cars could not be sold in the United States. Atwood, a retired Army officer, was at that time living in Guatemala and claimed to be involved in the import/export business there. Although a substantial shipment was sent to Guatemala, for a myriad of reasons, the business was unsuccessful and the joint venture was terminated by plaintiffs in March 1980.

The complaint was filed in April 1980, naming only two Guatemalan companies and one individual, all of whom were involved in the Guatemalan end of the enterprise. In September 1981 after a default judgment was entered against the Guatemalan individual, the complaint was amended to add Atwood as a defendant. Two years later, plaintiffs and defendant Atwood consented to an order referring the matter to an auditor pursuant to Chapter 7 of Title 9, OCGA. The auditor heard the matter in June 1984, and plaintiffs filed their 12-page "Proposed Findings of Fact and Conclusions of Law" on August 30. Defendant Atwood served but did not file his "Response to Plaintiffs' Proposed Findings" on plaintiffs' counsel on October 27. Defendant did not submit any proposed findings of fact and conclusions of law. The auditor's 31-page report, finding for plaintiffs, was filed on September 23, 1985. Three days later, defendant filed the "Response to Plaintiffs' Proposed Findings" with the court.

After two months passed, defendant filed a "Motion to Withdraw Transcript for Duplication And to Allow Extension of Time to File Amendment to Exceptions with Memorandum." In this document, defendant contended that his Response to Plaintiffs' Proposed Findings of Fact and Conclusions of Law "contained the substance of the exceptions this plaintiff has to the Report of the Auditor . . ."; it was also indicated, in requesting the time extension, that defendant could

not afford to purchase a copy of the transcript before the auditor's report was filed, and that thereafter "counsel for this defendant became incapacitated by reason of a medical diagnosis that required . . . tests in hospitals . . . that continued through the week of November 18, 1985. . . ." Defendant's motion was denied on April 8, 1986.

Judgment was entered by the court for plaintiffs on June 17, 1986, the court holding that no timely exceptions had been filed by defendant to the auditor's report. From this judgment, defendant appeals.

1. Defendant contends, based on OCGA § 9-7-14 (c), that the trial court erred in not treating his Response to Plaintiffs' Proposed Findings of Facts and Conclusions of Law as the exceptions to the auditor's report. A review of the statutory scheme concerning auditor's reports, their use and purpose, however, dispels this argument.

Chapter 7 of Title 9, OCGA covers auditor's reports and the procedures involved in using an auditor. The parties agreed to submit the factual investigation to an auditor, and a lengthy hearing was conducted. The code then requires that "the auditor shall file the evidence and a report in which he shall clearly and separately state all rulings made by him, classify and state his findings, and report his conclusions upon the law and facts." OCGA § 9-7-8. A party having objection of law or fact to the report of the auditor must file his exceptions to the report within "20 days after the report is filed and notice is given to the parties . . ." OCGA § 9-7-14 (a). While a trial judge may grant an extension of time for the filing of exceptions, any such application for an extension must be made before the initial 20 days expire. OCGA § 9-7-14 (b); *Collins v. Lyon, Lyon & Co.*, 222 Ga. 6 (1) (148 SE2d 428) (1966).

While defendant is correct that grounds for exceptions are no longer required to be complete in themselves, OCGA § 9-7-14 (c), he errs in his assertion that the liberal notice pleading concept of the Civil Practice Act overrides the specific requirements of the auditor's statute. See *Beck v. Cobb County*, 180 Ga. App. 808, 812 (350 SE2d 818) (1986); *Wise &c. Assoc. v. Rosser White &c. Inc.*, 146 Ga. App. 789, 794 (5c) (247 SE2d 479) (1978). Subsection (c), while not requiring the grounds for objection to be complete in themselves, goes on: "It shall be sufficient, for purposes of this Code section, if the exceptions point out by title and paragraph number such part of the pleadings, and by page number such part of the auditor's report, and such parts of the evidence reported by the auditor as are necessary to an understanding of the errors complained of." The reason for requiring such specificity in the factual exceptions is stated in OCGA § 9-7-17: "In all law cases where an auditor is appointed, exceptions of fact to his report shall be passed upon by the jury as in other issues of fact,

. . ." The case is submitted to the jury on the testimony reported by the auditor, OCGA § 9-7-18, and the jury is required to find "for or against each exception submitted, seriatim." OCGA § 9-7-20.

The filing of a document which defendant "treated" as his exceptions is not sufficient for these purposes. *Beck v. Cobb County*, supra at 811, involved proceedings under the special statutory proceeding for condemnation, which is similar to the auditor statute. There, the condemnees raised issues concerning the county's power to take the property, but "subsequent to the entry of the award of the special master and prior to the entry of the judgment of the trial court vesting title in the county pursuant to the special master's award, the only action taken by appellants was the filing of what can only be denominated a notice of appeal to a jury. . . . At no time did appellants file specific exceptions to the award of the special master in order to preserve their right to have the superior court pass upon their claims. . . ."

The response filed by defendant likewise does not fulfill the purpose of the exceptions required by Chapter 7, and the trial court's failure to treat them as such was not error. It likewise follows that the court's denial of defendant's motion to amend this document was not error, because it did not perform the office of the requisite exceptions in the first place. It also follows that the denial of the motion to reconsider was not error, the initial determination having been correct. There being no exceptions filed, the court did not err in entering judgment on the auditor's report in plaintiff's favor. OCGA § 9-7-21 (a).

2. Enumerations of Error 5-19 are all matters which should have been excepted to and, as discussed above, were not. Therefore, they were waived and will not now be considered. See *Foster v. Pa. Millers Mut. Ins. Co.*, 143 Ga. App. 792 (240 SE2d 144) (1977).

3. After defendant was added to the suit in 1981, a change in counsel occurred and his present counsel entered the suit by appearance on March 29, 1983. No motion or other pleading was filed concerning the disqualification of plaintiffs' law firm prior to the hearing conducted by the auditor during June 1984.

About halfway through the hearing, defendant's counsel alluded to a perceived conflict in the context of objecting to the recovery of fees by plaintiffs' counsel since counsel had allegedly represented both plaintiffs and defendant in the drafting of the joint venture agreement at issue. The auditor ruled that such a matter had not been included in the order referring the dispute to him and advised defendant to file any such motion with the court. When the motion was filed in June 1986, it was based on the ground that the firm of plaintiffs' counsel had drafted the joint venture agreement (a lawyer other than trial counsel) and had obtained "privileged and confiden-

tial information" concerning the Guatemalan individual and defendant. Although there was conflict in the evidence as to whether the firm represented all three joint venturers or only the plaintiffs, it was not disputed that during all meetings with the attorney doing the drafting, all three joint venturers were present.

Even if the law firm represented all three joint venturers as argued by defendant, the trial court's denial of the motion was not error. In a situation where joint venturers all meet with counsel at the same time for purposes of discussing their venture, the privilege does not apply as between the venturers. *Walker v. Mason*, 75 Ga. App. 229, 231 (1) (43 SE2d 116) (1947); Agnor's Ga. Evid., § 6-3; see *Gearhart v. Etheridge*, 232 Ga. 638, 640 (208 SE2d 460) (1974). *Healthcrest, Inc. v. American Med. Intl.*, 605 FSupp. 1507 (N.D. Ga. 1985), cited by defendant, does not dictate a different result. Aside from the fact that the case arose in a court whose rulings do not bind this Court, the ruling of the court was based on the specific finding that one of the drafting attorneys was a necessary witness for the client, a ground not raised in the present case.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED APRIL 22, 1987 —
REHEARING DENIED MAY 8, 1987 —

*Joseph B. Bergen, Frederick S. Bergen*, for appellant.
*Walter C. Hartridge, Roy E. Paul*, for appellees.