A06A1594. GEORGIA POWER COMPANY v. STOWERS.

(639 SE2d 605)

MILLER, Judge.

In this interlocutory appeal, Georgia Power Company challenges the trial court's denial of its motion to dismiss Melvin Stowers' appeal of a special master's award in a condemnation proceeding. Georgia Power contends that the trial court erred in refusing to dismiss Stowers' appeal because it failed to satisfy the applicable statutory requirements. Discerning no error, we affirm.

Seeking an easement across Stowers' property, Georgia Power filed a petition for condemnation and requested the appointment of a special master pursuant to OCGA § 22-2-102. The special master filed its findings of fact and conclusions of law on September 27, 2005. On October 7, 2005, the tenth day following the entry of the special master's award, Stowers filed a pleading titled "Exceptions to the Award of the Special Master and Motion to Dismiss Complaint for Condemnation." Stowers' pleading sets forth 41 exceptions to the special master's rulings on a number of issues and raises various questions of law. Exception 18 asserted that the special master erred in making the value award because Georgia Power "failed to establish the value of consequential damages [to] or the benefit to the remainder [of]" Stowers' property.

On October 24, 2005, Stowers filed an amendment to his Exceptions clarifying that he was appealing the amount of the special master's award and requesting a jury trial on the issue of compensation. On November 3, 2005, Georgia Power moved to dismiss Stowers' appeal as to the value of the special master's award on the grounds that the Exceptions initially filed by Stowers failed to appeal the issue of value. Rather, Georgia Power claimed the value of the award was not appealed until Stowers attempted to amend his Exceptions, and was therefore not filed or served within the statutorily allotted time frame. The trial court denied the motion to dismiss, finding that the timely filed Exceptions preserved Stowers' right to appeal the value of the award.

On appeal, Georgia Power argues that the trial court erred in denying its motion because the Exceptions filed by Stowers are legally insufficient to constitute an appeal as to the value of the special master's award. This question is one of law, and we therefore apply the plain legal error standard of review. *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

Under Georgia's Special Master Act, OCGA § 22-2-100 et seq., a party may appeal both the factual and legal findings of a special master and the value of the special master's award. The appeal of any *nonvalue* issue is governed by OCGA § 22-2-103. See *Leach v. Ga. Power Co.*, 228 Ga. 16, 21 (4) (183 SE2d 755) (1971). This Code section requires a party to file written exceptions within ten days after the filing of a special master's award in the superior court in which the award was filed. See *City of Savannah Beach v. Thompson*, 135 Ga. App. 63, 66 (2) (217 SE2d 304) (1975). A party's failure to file such exceptions waives that party's right to contest any nonvalue issue, and appealing "the case in its entirety" on the grounds that the party is "dissatisfied with the ruling" is insufficient to preserve the right to challenge nonvalue aspects of the award. *Beck v. Cobb County*, 180 Ga. App. 808, 810 (350 SE2d 818) (1986).

An appeal of a special master's *value* award, however, is governed by OCGA § 22-2-112, which requires a party "dissatisfied with the amount of the award . . . within ten days after the award is filed, [to] enter in writing an appeal from the award to the superior court of the county where the award is filed." An appeal of the award requesting a jury trial "as to all issues," without more, preserves a party's right to a jury trial on the issue of compensation. *Styers v. Atlanta Gas Light Co.*, 263 Ga. 856, 858 (1) (439 SE2d 640) (1994). This rule results from the fact that while specific exceptions are necessary for a judge to rule expeditiously on questions of law, no such necessity exists with respect to questions of value.

A party's failure to specifically request a jury trial on all issues, however, does not render its appeal invalid. A notice of appeal satisfies OCGA § 22-2-112, and preserves a party's right to a jury trial on the issue of value, if it is "in writing, timely filed, and . . . express[es] dissatisfaction with the compensation." *Nunnery v. Dept. of Transp.*, 128 Ga. App. 221, 222 (1) (196 SE2d 171) (1973). Given that Stowers timely filed his Exceptions in writing, the only issue is whether that pleading expressed dissatisfaction with the compensation awarded by the special master. Stowers argues that Exception 18 expresses such dissatisfaction. For the reasons set forth below, we agree.

The question of whether Stowers' pleading is sufficient to satisfy OCGA § 22-2-112 is governed by Georgia's Civil Practice Act, OCGA § 9-11-1 et seq. (the "CPA"). Section 81 of the CPA provides:

> This chapter shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law; *but, in any event, the provisions of this chapter governing the sufficiency of pleadings . . . shall apply to all such proceedings.*

(Emphasis supplied.) OCGA § 9-11-81.

While a proceeding before a special master constitutes a "special statutory proceeding," the sufficiency of the pleadings in such a proceeding is governed by the CPA. *Nodvin v. Ga. Power Co.*, 125 Ga. App. 821, 823 (2) (189 SE2d 118) (1972). "No technical forms of pleadings or motions are required under the Civil Practice Act," *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436, 437 (1) (254 SE2d 825) (1979), and a pleading is sufficient if it provides a party with "fair notice" of the claim or defense asserted against it. *White v. Augusta Motel Hotel Investment Co.*, 119 Ga. App. 351, 352 (2) (167 SE2d 161) (1969).

Applying the foregoing principles, this Court must determine whether Exception 18 provided Georgia Power with notice that Stowers was objecting to the valuation given his property and was dissatisfied with the amount of compensation awarded by the special master. This question is answered by Georgia Power's own responsive pleading, in which it denied Exception 18 on the grounds that it "goes to value and is not a proper non-value exception to be considered."[1]

As noted above, Exception 18 asserts that the special master erred in making the award because Georgia Power "failed to establish the value of consequential damages or the benefit to the remainder." While it may be less than precise, this language nonetheless put Georgia Power on notice that Stowers was dissatisfied with the consequential damages awarded him by the special master. *White,* supra, 119 Ga. App. at 352 (2).

Here, Georgia Power sought and received an easement running across Stowers' property

> to construct, erect, install, operate, maintain, inspect, reconstruct, repair, rebuild, renew and replace thereon towers, frames, poles, wires, transformers, service pedestals, and other necessary apparatus, fixtures and appliances for the

---

[1] But for the fact that this admission by Georgia Power represents a conclusion of law, rather than an assertion of fact, it would foreclose the company's argument on appeal that the exception does not represent an objection to the valuation of the property. See *Threatt v. Forsyth County*, 262 Ga. App. 186, 189 (2) (585 SE2d 159) (2003).

proper transmission and distribution of electricity, including the right to stretch communication wires on said poles or under said land with necessary appliances, and to place overhead and underground protective wires.

In light of the interest that Georgia Power acquired in his property, and the purposes for which it will use that property, consequential damages potentially represent a significant portion of the compensation Stowers may recover. Those damages, which the United States and Georgia Constitutions require be both just and adequate, are determined entirely by the valuation of the property.[2]

In the context of an eminent domain proceeding, therefore, Exception 18 cannot be construed as anything but an "expression of dissatisfaction" with the amount of compensation awarded. Stowers is not a litigant who had a judgment entered against him and who is now arguing that the evidence was insufficient to support that verdict. He is a landowner who has been stripped of his property rights in exchange for approximately $185,000. Under these circumstances, logic dictates that Stowers' assertion that Georgia Power "failed to establish the value of consequential damages" expresses his dissatisfaction with the compensation awarded by the special master.

We therefore affirm the order of the trial court denying Georgia Power's motion to dismiss Stowers' appeal as to the value of the special master's award.

*Judgment affirmed. Johnson, P. J., Barnes, Mikell and Adams, JJ., concur. Andrews, P. J., and Ellington, J., dissent.*

ANDREWS, Presiding Judge, dissenting.

I respectfully dissent. The trial court erred by denying Georgia Power's motion to dismiss Stowers' appeal of the special master's award because Stowers failed to file an appeal requesting a de novo jury trial on the value of his property within ten days of the award as required under OCGA § 22-2-112.

After Georgia Power filed a condemnation petition requesting appointment of a special master pursuant to OCGA § 22-2-102, the special master filed the award on September 27, 2005. Within ten days of the award, on October 7, 2005, Stowers filed a timely pleading captioned "Exceptions to the Award of the Special Master and Motion to Dismiss Complaint for Condemnation" in which he objected to the

---

[2] Consequential damages are determined by comparing "the *market value* of the remainder just after the taking, considering the negative impact of the separation of the part from the whole," with "the positive impact of the taking of the part upon the *value* of the remainder just after the taking." (Emphasis supplied.) *Dept. of Transp. v. Gunnels*, 175 Ga. App. 632 (1) (334 SE2d 197) (1985), rev'd on other grounds, 255 Ga. 495 (340 SE2d 12) (1986).

special master's rulings on various evidentiary issues and raised other legal issues. The concluding paragraph of the pleading stated:

> WHEREFORE, Condemnee respectfully requests that this Honorable Court dismiss the Condemnation Complaint, or in the alternative, to reject and overrule the report of the Special Master, appoint a new Special Master to hear this matter and refer this matter to such new Special Master for further proceedings in accordance with the Court's rulings.

On October 24, 2005, 27 days after the award, Stowers filed a pleading captioned "Condemnee's First Amendment to Exceptions to the Award of the Special Master." In this pleading, Stowers stated that he had inadvertently filed the wrong version of his pleading and omitted the last page. The omitted page contains the caption "Appeal," and states "Condemnee hereby appeals the value award of the Special Master to a jury sitting in this court." This page contains counsel's signature dated October 6, 2005, and appears to be a separate pleading rather than an omitted last page. Stowers' counsel concedes that the appeal pleading was not served or filed until 27 days after the special master's award.

Georgia Power moved to dismiss Stowers' appeal of the special master's value award because it was not filed or served within ten days after the award was filed. The trial court denied the motion to dismiss concluding that OCGA § 22-2-112, which provides for appeals from the amount of the award within ten days of the award, "allows for a generic filing to invoke the appeal jurisdiction of the Superior Court." Accordingly, the trial court ruled that the exceptions to the special master's award, filed by Stowers within ten days after the award, preserved his right to also appeal from the value of the award. Because the statutes governing special master awards and our case law interpreting those statutes require specificity when a party seeks redress from a special master's condemnation award in superior court, the trial court erred by sanctioning a "generic" appeal and by denying Georgia Power's motion to dismiss.

"The special master method of condemnation is intended to be an expeditious method of arriving at the just and adequate compensation to be first paid to a citizen before his interest in property may be condemned." *Wiggins v. City of Macon*, 120 Ga. App. 197, 198 (1) (169 SE2d 667) (1969). "The primary duty of the special master is to ascertain the value of the property sought to be condemned and the consequential damages or benefits, if any, with the authority to hear and determine any legal objections raised by the parties." *Leach v. Ga. Power Co.*, 228 Ga. 16, 21 (4) (183 SE2d 755) (1971). OCGA

§ 22-2-103 provides that a special master's "relation and accountability to the court shall be that of an auditor or master in the general practice existing in this state." Our courts have interpreted this Code section to mean that a party may obtain judicial review of legal issues not pertaining to value by filing exceptions to the special master's rulings in superior court. *Leach v. Ga. Power Co.*, supra, 228 Ga. at 21 (4); *Beck v. Cobb County*, 180 Ga. App. 808, 811 (350 SE2d 818) (1986); *Wiggins v. City of Macon*, supra, 120 Ga. App. at 199 (1).

A party's right to appeal the special master's valuation of the property is governed by OCGA § 22-2-112, which provides: "In case any party is dissatisfied with the amount of the award, he or she may, within ten days after the award is filed, enter in writing an appeal from the award to the superior court of the county where the award is filed." In *Nunnery v. Dept. of Transp.*, 128 Ga. App. 221, 222 (1) (196 SE2d 171) (1973), we held that the only requirements of a notice of appeal under this section "are that it be in writing, timely filed, and that it express dissatisfaction with the compensation." We also noted that "[i]t has long been established in our law that the substance of a legal pleading determines its nature, not what it is denominated." (Citation omitted.) Id. Thus, although the property owner filed a document denominated an answer in superior court, we treated it as an appeal because it stated that "plaintiff has not offered just and adequate compensation," contended that "the true value is $30,000," and demanded "a jury trial to determine the true market value of his property, and all damages resulting in plaintiff's declaration of taking, and a verdict of $30,000 for the value of said property and consequential damage to his golf course." (Punctuation omitted.) Id.

Georgia Power contends that, unlike the property owner in *Nunnery*, supra, the substance of the exceptions document filed by Stowers fails to comply with the requirements of OCGA § 22-2-112. As the exceptions document was timely filed and in writing, the only issue is whether it expressed appropriate dissatisfaction with the compensation. A review of the document shows that it does not. It lists 41 exceptions to the special master's award that are based on legal arguments about the admissibility of evidence, whether Georgia Power met its burden of proving public necessity, constitutional claims, the neutrality of the special master, and other procedural matters. There is no claim in the document that the amount of the compensation was inadequate.

Stowers argues that his 18th exception should be construed as an expression of his dissatisfaction with the amount of the special master's award. In this exception, Stowers states "Condemnor failed to establish the value of consequential damages or benefit to the remainder, and the Special Master erred in making an award in the absence of such a showing." In this exception, Stowers contends that

there was no evidence to support the special master's award, so this is a legal argument with regard to the sufficiency of the evidence. It does not assert that the special master should have awarded a different amount, nor does it request a de novo jury trial on the amount of compensation. OCGA § 22-2-112 provides for an appeal and a jury trial as to the value of the property when a "party is dissatisfied with the amount of the award." As the exceptions document filed by Stowers did not express dissatisfaction with the amount of the award, it cannot be fairly construed as an appeal under OCGA § 22-2-112. As a result, Stowers waived his right to appeal the amount of the special master's award. See *Beck*, supra, 180 Ga. App. at 811 (party's appeal of special master's award failed to preserve exceptions to legal rulings made by special master). The "amendment" Stowers filed 27 days after the special master's award was filed did not resurrect his right to appeal the amount of the award. See *Atwood v. Sipple*, 182 Ga. App. 831, 833 (1) (357 SE2d 273) (1987) (defendant could not amend appeal to assert exceptions to special master's award when the timely filed appeal of value "did not perform the office of the requisite exceptions in the first place").

Accordingly, the trial court erred by denying Georgia Power's motion to dismiss the untimely appeal filed on October 24, 2005, and the special master's award is conclusive with regard to the amount of compensation.

I am authorized to state that Judge Ellington joins in this dissent.

DECIDED DECEMBER 1, 2006.

*Smith, Gilliam, Williams & Miles, John H. Smith, Matthew T. Smith, Roger B. Hatcher, Jr., Troutman Sanders, Donald W. Janney, Lynette E. Smith*, for appellant.

*Flint & Connolly, Douglas H. Flint, Lawrence O. C. Anderson*, for appellee.

