A10A2091. EAGLE'S LANDING CHRISTIAN CHURCH, INC.
v. HENRY COUNTY.

(708 SE2d 23)

DOYLE, Judge.

Eagle's Landing Christian Church, Inc. ("the Church"), appeals from the trial court's order dismissing the Church's answer to a declaration of condemnation filed by Henry County. Although noting its displeasure at the result, the trial court dismissed the answer on the basis that the Church's document could not be construed as a timely notice of appeal filed pursuant to OCGA § 32-3-14 because the Church failed to include some expression of dissatisfaction with the proposed amount of compensation, as required under the statute. In support of its order, the trial court relied upon this Court's holding in *Lopez-Aponte v. City of Columbus*.[1]

The Church now appeals, contending that the dismissal order was erroneous because it was based on a hyper-technical procedural argument, and the answer demanding a jury trial was sufficient to provide notice to the County that the Church was dissatisfied with the condemnation award and should be construed as a notice of appeal as required by OCGA § 32-3-14. We disagree and affirm for the reasons that follow.

"This question is one of law, and we therefore apply the plain

---

[1] 267 Ga. App. 65 (599 SE2d 1) (2004). See also *Howard v. Dept. of Transp.*, 184 Ga. App. 116, 117 (2) (361 SE2d 7) (1987).

legal error standard of review."[2] When bringing a condemnation proceeding under OCGA § 32-3-1 et seq., the condemnor is required to file a petition and declaration of taking, which is self-executing in nature.[3] A condemnee, however, may file within 30 days of service either a petition challenging as improper the declaration or may file within 30 days of service a notice of appeal challenging the amount of compensation offered by the condemnor.[4]

Applicable to this case, OCGA § 32-3-14 states specifically:

> If the owner, or any of the owners, or any person having a claim against or interest in the property is dissatisfied with the amount of compensation as estimated in the declaration of taking and deposited in court, as provided for in Code Section 32-3-7, such person or persons, or any of them, shall have the right, at any time subsequent to the filing of the declaration and the deposit of the fund into court, but not later than 30 days following the date of the service as provided for in Code Sections 32-3-8 and 32-3-9, to file with the court a notice of appeal, the same to be in writing and made a part of the record in the proceedings.

Normally, then, an owner files a pleading entitled "notice of appeal," which alerts the trial court that the condemnee wishes to challenge the award of compensation. When a condemnee, as here, fails to file a notice of appeal and instead files some other pleading in an attempt to challenge the award, this Court has held that the pleading "must express dissatisfaction with the proposed compensation" to be construed as a notice of appeal for purposes of OCGA § 32-3-14.[5] In *Howard*, this Court held that an answer filed by the condemnee could not be construed as a notice of appeal when the answer "sought to clarify [the condemnee's] name[ ] and demanded strict proof of the allegations of the condemnor's petition since the [condemnee] professed itself without sufficient knowledge to form a belief as to the truth of those allegations."[6] In this case, the Church similarly argues that it was without sufficient knowledge to form a belief as to the allegations regarding compensation that appear in

---

[2] *Ga. Power Co. v. Stowers*, 282 Ga. App. 695, 696 (639 SE2d 605) (2006).

[3] See OCGA §§ 32-3-6 (a); 32-3-13 (a).

[4] See OCGA §§ 32-3-11; 32-3-14. We note that the citation of condemnation issued by the trial court included instructions for filing a notice of appeal to challenge the award of compensation, and these instructions specifically direct the condemnee to file a "notice of appeal," in accordance with OCGA §§ 32-3-13 to 32-3-19.

[5] *Howard*, 184 Ga. App. at 117 (2).

[6] (Punctuation omitted.) Id.

the petition for condemnation, claims the petition fails to state a claim for relief, and claims that the petition seeks an inconsistent remedy. Even given a generous reading, at no time does the answer discuss the compensation award, and as this Court previously has determined, stating that the condemnee is "without sufficient knowledge" of an allegation does not constitute compliance with OCGA § 32-3-14's requirement of an expression of dissatisfaction with the award.[7]

Accordingly, we affirm the trial court's dismissal of the Church's answer.

*Judgment affirmed. Ellington, C. J., and Andrews, J., concur.*

DECIDED MARCH 3, 2011 —
RECONSIDERATION DENIED MARCH 16, 2011.

*Bryan, Cave, Powell & Goldstein, Wilbur G. Hamlin, Jr.,* for appellant.
*LaTonya N. Wiley,* for appellee.

---

[7] See id.; *Lopez-Aponte*, 267 Ga. App. at 67-68 (1) ("[I]n order for [an award] to be construed as a notice of appeal under [OCGA § 32-3-14], that writing must express dissatisfaction with the proposed compensation."). Compare with *Ga. Power Co.*, 282 Ga. App. at 697-698 (holding that, in a proceeding under OCGA § 22-2-102, the condemnee's statement that the condemnor " 'failed to establish the value of consequential damages or the benefit to the remainder' " satisfied a similar statutory requirement that a pleading express dissatisfaction with the award); *Nunnery v. Dept. of Transp.*, 128 Ga. App. 221, 222 (1) (196 SE2d 171) (1973) (holding sufficient a condemnee's pleading which stated that " 'plaintiff has not offered just and adequate compensation' " and contended that the " 'true value [was] $30,000.' ").