**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 16, 2012**

# In the Court of Appeals of Georgia

A12A1376.  McMEANS  v.  DEPARTMENT  OF  DO-064
TRANSPORTATION.

DOYLE, Presiding Judge.

Brian K. McMeans appeals the trial court's order striking his first amendment to his answer responding to a petition for condemnation of real property filed by the Georgia Department of Transportation ("DOT").[1] McMeans contends that the trial court erred by ruling that his amendment improperly sought to assert a claim for damages arising from a business loss.[2] We agree and reverse.

---

[1] A related appeal brought by McMeans Leasing, Inc., was dismissed for lack of jurisdiction.

[2] McMeans also appears to argue that he was not served properly, but the record prepared at his direction from his notice of appeal does not contain returns of service or other evidence showing how or when he was served. Accordingly, any arguments based on improper service fail because "[w]hen a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper

The record shows that on October 27, 2010, the DOT filed a petition for condemnation of certain property owned by McMeans, and the petition named as defendants McMeans, McMeans Leasing, Inc. ("MLI"), and other parties. On November 12, 2010, McMeans filed an answer admitting "that he is the owner of property loosely described in" the petition and alleging damages of at least $1.3 million.

On December 10, 2010, MLI filed a pleading entitled "Amendment to Answer filed November 12, 2010," which purported to amend the answer filed by McMeans "to provide that said Answer was for [MLI], a corporation solely owned by Brian K. McMeans." That pleading alleged that McMeans was the owner of the property, MLI was a leasehold tenant, and MLI would sustain damages for business losses arising from its removal from the property.

Also on December 10, 2010, McMeans filed a pleading entitled "Answer of Brian K. McMeans." In that pleading, McMeans alleged damages of at least $1.3 million as a result of the lost uses to which he had put the property, and he alleged

service." *Baughan v. Alaoui*, 240 Ga. App. 661, 663 (1) (524 SE2d 536) (1999) (punctuation omitted).

that the condemnation would cause an interruption in his business income, a loss of business, and damage to his business in addition to the value of the real estate taken.

On February 8, 2011, McMeans filed his "First Amendment to Answer of Brian K. McMeans,"[3] purporting to amend his December 10 answer and add a separate claim for business loss. On March 10, 2011, the DOT filed a motion to strike MLI's December 10 Amendment to Answer (substituting itself in the first answer filed by McMeans) and McMeans's February 8 First Amendment to Answer (explicitly adding the business loss claim). After a hearing, the trial court granted the motion and struck both pleadings. MLI filed a direct appeal, which was dismissed on jurisdictional grounds because it did not appeal from a final judgment, and McMeans applied to this Court for interlocutory review, which was granted in this case.

McMeans contends that the trial court erred by striking his First Amendment to Answer on the ground that it improperly sought to include a business loss claim when the business loss was MLI's, a separate entity.

> When bringing a condemnation proceeding under OCGA § 32-3-1 et seq., the condemnor is required to file a petition and declaration of

---

[3] This document only appears in the record as an exhibit to the DOT's motion to strike. But it is undisputed that it was filed, and this appeal does not turn on its proper inclusion in the appellate record.

3

taking, which is self-executing in nature. A condemnee, however, may file within 30 days of service either a petition challenging as improper the declaration or may file within 30 days of service a notice of appeal challenging the amount of compensation offered by the condemnor.[4]

As an initial matter we note that the pleadings filed by the defendants were styled as answers and not notices of appeal. But the DOT does not challenge their function as notices of appeal for purposes of the condemnation statute, the trial court treated them as such, and the pleading nomenclature is not at issue in this appeal.[5]

The rule governing business losses is as follows:

Post-taking business losses can be recovered as a separate element in instances when the business belongs to a separate lessee *or when the business belongs to the landowner and there is a total taking of the business.* In either event, business losses are recoverable as a separate item only if the property is "unique" and the loss is not remote or speculative.[6]

---

[4] (Footnote omitted.) *Eagle's Landing Christian Church, Inc. v. Henry County*, 308 Ga. App. 416, 417 (708 SE2d 23) (2011).

[5] See, e.g., id. at 417 (an answer can be considered a notice of appeal under OCGA § 32-3-7 when it expresses dissatisfaction with the compensation proposed for the taking).

[6] (Emphasis supplied.) *DOT v. Acree Oil Co.*, 266 Ga. 336 (1) (467 SE2d 319) (1996).

McMeans argues that, as the alleged owner of the business operating on the property owned by him that will be taken, he is entitled to assert a business loss, and the record shows that his December 10, 2010 answer, which was not the subject of the DOT's motion to strike and which was not stricken, did in fact allege business losses. So, as a matter of procedure, McMeans already has pleaded a claim for business loss which remains pending at this time.

Nevertheless, in response, relying in large part on *Bill Ledford Motors v. Dept. of Transp.*,[7] and *Lil Champ Food Stores v. Dept. of Transp.*,[8] the DOT argues that McMeans, as the fee owner, "should not be allowed to assert a claim for business loss damages for the business on the subject property owned and operated by a separate party," MLI. In those cases, this Court held that business losses are distinct elements of damages pleaded separately from regular, real property loss.[9] But neither case addressed a scenario such as this one where the property owner is also alleged to be the owner of the business suffering an alleged loss. DOT's argument ignores the fact

---

[7] 225 Ga. App. 548 (484 SE2d 510) (1997).

[8] 230 Ga. App. 715 (498 SE2d 94) (1998).

[9] See *Lil Champ Food Stores*, 230 Ga. App. at 718 (4); *Bill Ledford Motors*, 225 Ga. App. at 549.

5

that in this case McMeans is not a landlord merely collecting rent; McMeans also owns and operates the business on his property.

Further, this Court has narrowly interpreted *Bill Ledford Motors* and *Lil Champ Food Stores* and clarified that the statutory scheme establishing the pleading procedure for condemnation actions "does not impose upon a party seeking business loss damages any requirement to specifically and separately set forth such a claim *in the notice of appeal*."[10] As the Court explained,

> there is no prerequisite that a superior court find a specific and separate plea for business loss damages in a party's notice of appeal before causing an issue to be made and tried by a jury regarding such damages; . . . a superior court is authorized to enter an order giving directions on a trial for business loss damages, even where there is no specific and separate claim for such damages in the notice of appeal; and . . . at the jury trial thereafter, the party seeking business loss damages may present evidence concerning its interest taken or other evidence of just and adequate compensation.[11]

Therefore, to the extent that the trial court ruled that McMeans cannot plead a business loss based on his failure to include it earlier, this was error. Likewise, to the

---

[10] (Emphasis in original). *Dept. of Transp. v. Camvic Corp.*, 284 Ga. App. 321, 327 (2) (c) (ii) (644 SE2d 171) (2007).

[11] Id. at 325 (b).

extent the court ruled that McMeans cannot plead a loss from the business he owns and operates on the condemned property, it also erred.[12] McMeans's earlier, unstricken answer alleged that he had put the property to special uses and that he would sustain a business loss from its condemnation.[13] The stricken answer merely elaborated that McMeans owns a business on the property, that he enjoyed the profits therefrom, and that the condemnation would destroy the business. This is sufficient to allege a provable legal claim,[14] and striking the subsequent answer on the ground

---

[12] We reach this conclusion in the narrow context of this litigation, i.e., the striking of a pleading. It may be that McMeans cannot meet his burden at the summary judgment or trial stage, but at this stage of the process, we merely rule that McMeans should be allowed to develop a case as to his business loss (as opposed to his real property loss) to the extent allowable by law. The viability of McMeans's business loss claim would depend on evidence showing his ownership of the business, the total taking of the business, that the property is unique, and that his claims are not remote or speculative. See *Acree Oil Co.*, 266 Ga. at 336 (1). See also *Buck's Svc. Station v. DOT*, 259 Ga. 825, 827 (2) (387 SE2d 877) (1990) ("evidence of *any* business losses which result in a diminution of the value of a condemnee's business is admissible").

[13] See *Lil Champ Food Stores*, 230 Ga. App. at 718 (4).

[14] See *Acree Oil Co.*, 266 Ga. at 336 (1).

that the claim fails as a matter of law was premature.[15] Accordingly, the trial court abused its discretion by striking McMeans's First Amendment to Answer.[16]

*Judgment reversed. Andrews and Boggs, JJ., concur.*

---

[15] See *Morgan v. White*, 121 Ga. App. 794, 795 (2) (175 SE2d 878) (1970) ("a motion to strike the answer should not be granted unless it appears to a certainty that the plaintiff would succeed despite any state of facts which could be proved in support of the defense"). See also *Rhyne v. Garfield*, 236 Ga. 694, 695 (225 SE2d 43) (1976) ("The standard to be applied to a motion to strike [a claim in a pleading] is the same as that on a motion for failure to state a claim upon which relief can be granted.").

[16] See *Cameron v. Miles*, 311 Ga. App. 753, 756 (1) (716 SE2d 831) (2011) (reversing grant of motion to strike because trial court's order was predicated on legal error); *Edenfield & Cox, P.C. v. Mack*, 282 Ga. App. 816 (640 SE2d 343) (2006) (ruling on motion to strike reviewed for abuse of discretion).